# Exhibit A



OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

WILLIAM TONG
ATTORNEY GENERAL

**March 26, 2026**

**MEMORANDUM TO PUBLIC OFFICIALS, PUBLIC AGENCIES AND PRIVATE ORGANIZATIONS**

**FROM:**          **THE ATTORNEY GENERAL**

**SUBJECT:**          **STATEMENT OF POLICY AND GUIDANCE REGARDING IMMIGRATION MATTERS**

---

I write this memorandum as Connecticut's Chief Legal Officer and Chief civil law enforcement official. I also write this memorandum as a son and grandson of immigrants and refugees, born a citizen by right of my birth on American soil, like millions of other Americans and Connecticut residents.

A year ago, it would have been hard to imagine U.S. Immigration and Customs Enforcement (ICE) occupying American cities like a masked paramilitary force, ripping parents from their children, killing protestors, and giving non-citizen immigrants and American citizens alike good reason to fear for their lives.

Over the past fourteen months, the Office of the Attorney General has heard from countless Connecticut residents concerned about their safety and that of their neighbors in light of ICE activity in Connecticut and elsewhere.

The following is a statement of the policy of the State of Connecticut and the Office of the Attorney General concerning immigration law and related legal matters, proceedings and enforcement actions. I provide this Memorandum pursuant to my authority as the State's chief legal officer and chief civil law enforcement official, and pursuant to the Constitution of the State of Connecticut and General Statutes § 3-125, to provide clarity and guidance as to the State's legal position on these matters.

**I know there are a lot of questions about ICE and immigration enforcement, and this memorandum does not address or answer them all. This memorandum is not exhaustive, and it is not meant to be. This Statement of Policy and Guidance is an effort to provide clarity based on our analysis of the best information we have at this time, but it is not a substitute**

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/Equal Opportunity Employer*

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 2

**for legal advice specific to a particular set of facts. Individuals, agencies, and organizations should consult with legal counsel about individual questions and concerns.**

## I.      <u>STATEMENT OF POLICY</u>

Immigrants and immigrant families are welcome in Connecticut. Immigrants and immigrant families are an essential part of our communities and national character and identity, and they make immeasurable contributions to our society and economy every single day. Connecticut is home to a vital immigrant and refugee community that keeps our economy moving: more than 16% of the state's residents and nearly 20% of our workforce are immigrants.[1] This includes 25.7% of Connecticut entrepreneurs, 22.7 % of Connecticut workers in science, technology, engineering and math (STEM) fields, and nearly 40% of health aides in the state.[2] They are essential to our thriving state economy as neighbors, entrepreneurs, business owners, consumers, workers, and taxpayers.

The President's actions on immigration have caused fear and unreasonable risk and danger to immigrants and immigrant families. Recent changes to federal immigration policies may deter immigrants and their families from accessing essential services because of fear of immigration enforcement. All members of our community should feel encouraged to utilize services and public accommodations in times of need. The entire State of Connecticut benefits when our immigrant friends, neighbors and family feel safe, and state and local governments, and private businesses and organizations, can provide indispensable services without fear or disruption.

Any action by the President or the federal government to direct or commandeer state or local law enforcement and resources in Connecticut for purposes of federal immigrant enforcement may be unlawful and a violation of the sovereignty of the state of Connecticut and the Tenth Amendment to the United States Constitution. Federal immigration enforcement is the responsibility of the federal government, not the states. The United States Supreme Court has affirmed this as a bedrock principle of federalism and our constitutional structure; the federal government cannot order the state to do the federal government's job.

For the avoidance of doubt, the State of Connecticut is not a "sanctuary state," whatever that term may mean. Connecticut is in full compliance with federal law with respect to immigration matters and any claim or suggestion otherwise is false. Indeed, the term "sanctuary state" is a political label that holds no legal or practical significance. Any claim or suggestion that the State of Connecticut

---

[1] *See* American Immigration Council, Locations*, Immigrants in Connecticut*, https://map.americanimmigrationcouncil.org/locations/connecticut/#.

[2] *Id.*

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 3

interferes with or impedes federal law enforcement or prevents the federal government from discharging its duties is also false. Connecticut has not and will not interfere with or impede any lawful federal action that does not otherwise harm, prejudice or violate the law of the State of Connecticut and its residents. The State of Connecticut also does not harbor criminals or otherwise protect people who have committed criminal acts; any person who engages in a criminal act should be prosecuted to the fullest extent of the law, and where appropriate under law, incarcerated and/or deported.

**In light of the federal government's recent actions on immigration, it is necessary for the State of Connecticut to articulate and clarify the State's policy and legal position regarding immigration matters. This policy includes, but is not limited to, the following:**

> **it is the policy of the State of Connecticut to respect, honor and protect immigrants and immigrant families in compliance with state and federal law;**

> **the State of Connecticut, including the Office of the Attorney General and other law enforcement agencies, should build <u>trust</u> with immigrants and immigrant communities, and encourage immigrants to trust state officials, law enforcement, and first responders;**

> **in accordance with that policy, Office of the Attorney General is deeply committed to safeguarding our community, and respecting, honoring, and protecting Connecticut's immigrants and immigrant families;**

> **all personnel in the Office of the Attorney General are hereby directed to take such actions necessary to implement this policy within our legal authority and in compliance with state and federal law;**

> **all legal directors and legal staff throughout state government are hereby directed to consult with the Office of the Attorney General on matters related to immigration law when necessary and appropriate; and**

> **through this memorandum, the Office of the Attorney General hereby provides guidance and information about immigration enforcement for state and local governments, and private businesses and organizations.**

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 4


II.    **GENERAL GUIDANCE AND APPLICABLE LAW**

This guidance and its appendices[3] provide information about how to respond to immigration enforcement for both state and local officials and governments, and organizations like social service providers, businesses, houses of worship, healthcare facilities, and other entities that serve our community.[4] It offers a broad overview of the law that governs potential interactions with ICE officials in certain types of encounters. At the end of this guidance there are answers to frequently asked questions people may have about immigration enforcement activities. This guidance is intended to assist organizations and entities as they prepare for possible interactions with ICE officials, so they can continue to focus on the people and communities they serve, their mission, and their essential work, while adhering to state and federal laws.

Nothing in this document constitutes legal advice or a formal legal opinion of the Attorney General. This statement of policy and guidance is not binding nor precedential, but rather an overview of potentially relevant legal principles in the context of immigration enforcement. There may be laws, regulations, and policies that govern an organization or entity's actions beyond the considerations in this document. All individuals, businesses, organizations and entities should consult with their legal counsel about specific questions and concerns. This guidance does not cover all potential encounters with ICE officials, just some common ones. Moreover, ICE enforcement policy often changes without advance notice.

**Immigration Authorities Rescinded Policies that Provided Protection to Immigrants at "Sensitive Places."**

Previous federal administrations, both Republican and Democrat, advised ICE to use caution before entering "protected areas" or "sensitive places" for immigration enforcement.[5] Under prior

---

[3] Appended hereto are *Frequently Asked Questions and Sample Forms* designed to answer questions organizations and individuals may have about immigration enforcement and provide sample forms that may be used by federal immigration authorities.

[4] Please note that this guidance is general in nature and does not examine every unique location immigration enforcement may occur, including places like schools. Guidance specific to K-12 Public Schools has been promulgated by the State Department of Education and is available here: https://portal.ct.gov/-/media/sde/digest/2024-25/guidance_immigrationactivities_flyer.pdf.

[5] *See* Alejandro N. Mayorkas, Memorandum, Guidelines for Enforcement Actions in or Near Protected Areas (Oct. 27, 2021) https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw10272021.pdf. "Protected areas" included but were not limited to schools (from daycares through colleges and universities); medical treatment and healthcare facilities; places of worship such as churches, synagogues, mosques, and temples; places where children gather like childcare centers or foster care facilities; "social services establishments such as a crisis center, domestic violence shelter, victims services center, child advocacy center, supervised visitation center, family justice center, community-based organization, facility

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 5

administrations, the policies adopted by the U.S. Department of Homeland Security (DHS), the federal agency that oversees ICE, did not prohibit enforcement actions at such locations entirely but sought to avoid such activity on or near protected areas unless prior approval was obtained or exigent circumstances existed. These areas were protected to allow all community members—including immigrants—to safely access services and spaces that they rely on, and these policies supported the health and well-being of a community.

On January 20, 2025, DHS rescinded the "protected areas" policies.[6] The updated directive does not include concrete rules or procedures to guide ICE agents' conduct but instead instructs agents to use "common sense" when determining where to engage in immigration enforcement. "Common sense" is most likely a discretionary grant to allow ICE agents to make individualized determinations of when and in what manner to enter a previously recognized "protected area." It does not restrict enforcement at previously designated "protected areas", leaving the most vulnerable institutions at greater risk of enforcement actions.

This reversal of "protected areas" safeguards underscores the urgent need for local leaders, agencies, and organizations to understand their rights and responsibilities under federal and state law.

**Understanding the Difference Between Civil Immigration Laws and Criminal Statutes.**

Violations of most, not all, immigration charges are civil violations—meaning there is no criminal penalty.[7] This distinction is important for understanding that most often when an ICE agent is making an arrest, it is a civil arrest and not a criminal arrest. The distinction between civil and

---

that serves disabled persons, homeless shelter, drug or alcohol counseling and treatment facility, or food bank or pantry or other establishment distributing food or other essentials of life to people in need;" and others.

[6] *See* Statement from a DHS Spokesperson on Directives Expanding Law Enforcement and Ending the Abuse of Humanitarian Parole, https://www.dhs.gov/news/2025/01/21/statement-dhs-spokesperson-directives-expanding-law-enforcement-and-ending-abuse.

[7] The Supreme Court has definitively held that deportation proceedings are "purely civil action[s] to determine eligibility to remain in this country" with the purpose "not to punish past transgressions but rather to put an end to a continuing violation of the immigration laws." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032 (1984). The Court has also emphasized that "removal is a civil, not criminal, matter" with broad federal discretionary authority. *Arizona v. U.S.*, 567 U.S. 387 (2012). This civil-criminal distinction affects constitutional protections, state and local law enforcement authority, detention standards, and procedural requirements throughout the immigration system. Federal courts consistently distinguish between civil administrative immigration violations and criminal immigration offenses. In *National Council of La Raza v. Department of Justice*, 411 F.3d 350 (2005), the Second Circuit explained that "civil violations of immigration law include those violations—such as overstaying one's visa or entering the United States without proper documentation—that result in administrative proceedings" while "criminal violations—for example, document fraud or illegal re-entry—that give rise to adjudication within the criminal justice system."

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 6

criminal law is an important starting point for understanding constitutional rights and the limits of ICE action. ICE agents are not police and do not have authority to use general police powers. While they are principally civil agents with limited criminal arrest authority, ICE agents can make criminal arrests for only federal offenses in limited circumstances, as discussed below. When enforcing civil immigration laws, ICE agents do not have the same authority as local and state police. Neither does ICE have the authority of sister Federal agencies such as the Federal Bureau of Investigation or Drug Enforcement Administration, which have general authority to make criminal arrests and enforce criminal arrest warrants.

**The Fourth Amendment Protects All Individuals from Unreasonable Searches and Seizures.**

All individuals, citizens and noncitizens alike, are protected by the Fourth Amendment to the United States Constitution in both their homes and in public.[8] This means that law enforcement—including federal civil immigration authorities like ICE, U.S. Customs and Border Protection (CBP), and others that engage in immigration enforcement activity—cannot unreasonably search, arrest, or detain any individual, including a noncitizen. A Fourth Amendment violation occurs when law enforcement violates a person's "reasonable expectation of privacy."[9] Because Fourth Amendment rights are derived from a person's reasonable expectation of privacy, law enforcement's ability to search, arrest, and/or detain, may shift based upon numerous factors, especially the location of the person or place being searched, seized, detained, or arrested.

**Publicly Accessible Places**

In publicly accessible places, for example, some Fourth Amendment protections are more limited.[10] The Fourth Amendment does not prohibit law enforcement from entering or speaking to individuals in public spaces. In publicly accessible locations, law enforcement may approach a person and ask questions without any level of suspicion—and without a warrant—as long as the officer does not make a person believe they are not free to leave.[11] To stop a person for questioning about

---

[8] *See Lopez-Mendoza*, 468 U.S. at 1050. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. 4. While many of the cases cited herein address law enforcement generally, the Supreme Court has held that the conduct of immigration officials is also constrained by the Fourth Amendment. *See Lopez-Mendoza*, 468 U.S. at 1050.

[9] *See Katz v. United States,* 389 U.S. 347 (1967).

[10] *United States v. Jones*, 565 U.S. 400, 410 (2012) (Government intrusion onto public spaces "is of no Fourth Amendment significance"). Whether a location is a "public space" depends upon whether a location is publicly *accessible*, not necessarily publicly *owned*. Even government owned buildings may not be "public spaces" if the buildings are not typically held open to the public.

[11] *Florida v. Bostick*, 501 U.S. 429, 434 (1991).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 7

immigration status, immigration officials need only reasonable suspicion that the person is present without authorization in the United States.[12] If law enforcement has probable cause to believe that a crime has occurred or there are exigent circumstances,[13] then the officer may make an arrest, even without a warrant. If law enforcement has "reasonable suspicion" to believe a crime has occurred, they may detain or search the individual in a publicly accessible space.[14] At all times, however, people, including noncitizens, have the right to remain silent under the Fifth Amendment and can choose not to answer questions from law enforcement.[15]

**Private Places**

In contrast, in private places, including non-residential property like businesses, there is greater Fourth Amendment protection than publicly accessible spaces. Fourth Amendment protection in such spaces exists based on the owner's property right or a person's reasonable expectation of privacy in that private place.[16] Because of these protections it has always been true that law enforcement cannot enter private places to either conduct a search or make an arrest without a valid judicial warrant, the consent of the property owner, or exigent circumstances.[17]

On January 21, 2026, whistleblowers from within DHS released a memorandum, dated May 12, 2025, in which ICE directs officers that they may enter a person's home or residence without a

---

[12] *See United States v. Arvizu,* 534 U. S. 266, 273 (2002). Colloquially referred to as "Kavanaugh Stops" after Justice Kavanaugh authored a concurrence in *Noem v. Perdomo*, 146 S. Ct. 1 (2025), such stops may be based in part on a person's ethnicity.

[13] Exigent circumstances can include providing "emergency aid," when officers are in "hot pursuit" of a fleeing suspect, and when officers need to "prevent the imminent destruction of evidence." *Kentucky v. King*, 563 U.S. 452, 460 (2011).

[14] *Terry v. Ohio,* 392 U.S. 1, 27 (1968).

[15] *See* U.S. Const. Amend. 5. Individuals who seek to invoke their right to remain silent must invoke that right. *See Salinas v. Texas*, 570 U.S. 178, 183 (2013); *See also Florida v. Royer*, 460 U.S. 491, 497-498 (1983) ("law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions . . . [t]he person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way").

[16] *See Florida v. Jardines*, 569 U.S. 1, 5-11 (2013) (discussing residential properties); *See v. City of Seattle,* 387 U.S. 541, 543-46 (1967) (discussing commercial property); *Jones*, 565 U.S. 400, 408-410 (noting that the reasonable-expectation-of privacy test had been added to, not substituted for, the common-law test for trespass).

[17] The government conducts a "search" of a property within the meaning of the Fourth Amendment when it "physically occupie[s] private property for the purpose of obtaining information" or making an arrest. *Jones,* 565 U.S. at 404-405.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 8

valid judicial warrant, if that person is subject to a final order of removal.[18] The memorandum contains no legal analysis and does not offer any explanation for this dramatic shift that contradicts the plain text of the Constitution and years of Fourth Amendment precedent. Nonetheless, individuals should anticipate ICE will rely on this memorandum and may seek to enter homes or residences without a valid judicial warrant. The memorandum **does not** profess authorization to enter private businesses or private spaces other than residences of individuals with final orders of removal. Please note, if confronted by an ICE agent conducting an immigration arrest, use extreme caution. In all instances individuals should seek to de-escalate a confrontation with an ICE agent and should not antagonize or interfere with their operations. Individuals should keep a safe distance from ICE agents carrying out immigration operations.

**Private Places Open or Partially Open to the Public**

It is important to note that when a non-residential property owner holds their property—or even parts of their property—open to the public, law enforcement can enter those areas just like any member of the public without a warrant. This can include locations like restaurants and retail establishments or government buildings open to the public.

Even if a property has some areas that are open to the public, this does not mean that *all* that property is accessible to law enforcement. A non-residential property with public areas like lobbies and parking lots can also have private areas that are closed to the public. For example, a building might have a lobby, but it will likely have areas the public cannot access freely like offices, patient exam rooms, dormitory space, residents' rooms, caseworkers' offices, client meeting rooms, or any areas kept closed or marked "private" and maintained as private. Law enforcement cannot access those areas without either consent of the property owner, a valid judicial warrant or exigent circumstances.[19]

---

[18] *See* Memorandum to All ICE Personnel, May 12, 2025, *available at* https://www.documentcloud.org/documents/26499371-dhs-ice-memo-1-21-26/

[19] While the Supreme Court has found ICE administrative arrest warrants to be constitutionally valid and searches incident to such arrests to be permissible, *see Abel v. United States,* 362 U.S. 217, 234 (1960), it has also held that "administrative searches" of homes or "nonpublic parts" of businesses require a judicial warrant. *See Marshall v. Barlow's, Inc.,* 436 U.S. 307 (1978) (OSHA searches of nonpublic part of business); *Camara v. Municipal Court,* 387 U.S. 523 (1967) (municipal health inspections); *See,* 387 U.S. at 545-546 (fire inspections); *Michigan v. Clifford,* 464 U.S. 287, 292 (1984) (fire inspector administrative searches). Courts have interpreted these cases to mean that ICE may not enter a home or "nonpublic part of a business" without a judicial warrant, including courts within the Second Circuit, the federal Circuit where Connecticut is located. *See, e.g., Aguilar v. Immigration and Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.,* 811 F. Supp. 2d 803 (S.D.N.Y. 2011); *Guo Hua Ke v. Morton,* 2012 U.S. Dist. LEXIS 141848, at *15 (S.D.N.Y. Sep. 28, 2012); *Kidd v. Mayorkas,* No. 2:20-cv-03512-ODW (JPRx), 2024 U.S. Dist. LEXIS 87723, at *17-18 (C.D. Cal. May 15, 2024) ("consistent with the Fourth Amendment, immigration authorities may arrest individuals for civil immigration removal purposes pursuant to an administrative arrest warrant issued by an executive official, rather than by a judge,"); *Gonzalez v. U.S. Immigr. & Customs Enf't,* 975 F.3d 788, 825 (9th Cir. 2020).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 9

However, a property owner must treat all outsiders equally. If uninvited members of the public are allowed to come and go as they please, then law enforcement must be permitted as well.

**The Limited Civil Authority that ICE agents have to arrest noncitizens.**

ICE agents can make civil arrests of noncitizens for civil immigration violations with an administrative warrant,[20] but for a warrantless arrest they must have *probable cause* that the person is removable and likely to flee before a warrant can be secured.

- **Arrest with a Civil Warrant:** ICE agents can make an arrest with a civil immigration warrant issued on a Form I-200 (Arrest Warrant) or Form I-205 (Warrant of Removal).[21] Administrative warrants have never been held to be sufficient to grant immigration officials authority to enter a home or private space without consent. Nonetheless, as discussed above, ICE recently declared authority to enter homes or residences of people subject to final orders of removal with only a Form I-205. Unless it is accompanied by a search warrant signed by a Judge or Magistrate Judge, an administrative warrant does not allow ICE officers permission to enter the non-public space of a business, and ICE has not yet sought to change this longstanding law.

- **Arrest without a Warrant**: ICE agents can make immigration arrests without a warrant but that requires a very specific context—there must be probable cause that the person is removable *and* probable cause the person is likely to escape before a warrant can be secured.[22] After making a warrantless arrest, an ICE officer must document the facts and circumstances surrounding that warrantless arrest in the narrative section of the noncitizen's Form I-213. On January 28, 2026, ICE changed its policy on warrantless arrests to broaden agents' authority.[23] ICE has long interpreted the "likely to escape" standard to mean that a person is a "flight risk" and unlikely to comply with future immigration violations. But this policy change reinterprets "likely to escape" to mean that a person is unlikely to be found after a warrant is obtained—an extremely broad

---

[20] 8 U.S.C. § 1357(a)(2).

[21] Sample warrants, detainer requests, and subpoenas are appended hereto as Appendices.

[22] *See* 8 U.S.C. § 1357(a)(2).

[23] *See* ICE Memorandum, January 28, 2026, *Civil Immigration Arrest Authority: Administrative Arrest Warrants and Warrantless Arrests,* available at https://static01.nyt.com/newsgraphics/documenttools/e3524bab7246ffa8/0e6654f6-full.pdf.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 10

> interpretation of the term "escape" that essentially gives ICE agents the ability to make far more warrantless arrests.

**ICE Officers have limited authority to make criminal arrests.**

ICE agents designated as "immigration officers" have only limited criminal arrest authority. This authority allows them to arrest any individuals committing federal crimes, but that authority is subject to probable cause, training, and procedural requirements. A designated immigration officer may arrest any person for a federal offense only if the offense is committed in the officer's presence, while the officer is carrying out their immigration enforcement duties, and where the person committing the offense is likely to flee before an arrest warrant can be obtained.[24] This limited power does not mean they can arrest someone for state law crimes.

**Immigration Officials May Present Warrants or Subpoenas Seeking Cooperation for Immigration Enforcement, and Such Documents Should be Carefully Reviewed.**

The Fourth Amendment functions as an important limit on both immigration enforcement power and immigration subpoena power. Immigration officials can lawfully seize and detain people, or access private records and private spaces, only with certain kinds of documentation. Different types of documentation grant officers differing levels of access to people and private spaces. Documents that immigration officials may present include:

**Administrative Documents:**

- **Administrative Warrant.** ICE Administrative Removal Warrants (Form I-200) or Arrest Warrants (Form I-205) authorize ICE officers to arrest a person suspected of immigration violations. These are not warrants within the meaning of the Fourth Amendment because they are not signed by a judge or magistrate judge and are not based on a showing of probable cause of a criminal offense. Administrative warrants may be signed by an immigration judge, but that does not make them "judicial" warrants. Immigration judges are administrative judges. Administrative warrants have never been held to be sufficient to grant immigration officials authority to enter a home or private space without consent. Nonetheless, as discussed above, ICE recently professed authority to enter homes or residences of people subject to final orders of removal with only a Form I-205.

---

[24] 8 U.S.C. § 1357(a)(5)(A).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 11

- **Administrative Detainer.** An ICE detainer (Form I-247) is used to enlist state and local law enforcement to detain individuals before ICE transfers them into the federal deportation system. Detainers are written requests from ICE that can request state or local law enforcement: (1) notify ICE before they release an individual from custody; or (2) detain an individual for an additional 48 hours after his or her release from custody.[25] ICE detainer requests are just that: requests. They do not carry the weight of a warrant, and they impose no legal obligation for local law enforcement to detain, arrest, or jail someone. Under Connecticut's Trust Act, Conn. Gen. Stat. § 54-192h, state and local law enforcement may only detain an individual based solely on a civil immigration detainer if it is accompanied by a judicial warrant, if the individual has been convicted of an A, B or certain C felonies, or if the individual is on a terrorist watch list.[26] The Trust Act does not restrict the activities of federal immigration authorities.

- **Administrative Subpoenas.** Subpoenas, whether administrative or judicial, are documents that request the production of documents, testimony from a person, or other evidence. Administrative subpoenas are issued by a federal agency or federal official like a DHS official, an administrative judge like an immigration judge, or an ICE officer. Such documents generally do not require immediate responses and can be challenged in court. Unlike judicial subpoenas, penalties for failure to comply with an administrative subpoena are not automatic and may only occur if a subpoena enforcement action is brought in federal district court. Subpoenas should always be shared with legal counsel for review.

**Judicially Issued Documents:**

- **Judicial Warrant.** A judicial warrant can be either a search warrant or arrest warrant. Federal Arrest Warrants (Form AO 442) or Search and Seizure Warrants (Form AO 93) are issued by a federal district judge or federal magistrate judge based on a finding of probable cause and authorize the search and seizure of property in a specified location or the arrest of a person named in the warrant, including in non-public areas. Warrants signed by immigration judges are not judicial warrants. Prompt compliance with these warrants is usually required. A judicial warrant must:

---

[25] *See generally* https://www.ice.gov/immigration-detainers.

[26] *See* Trust Act Guidance Memorandum; Conn. Gen. Stat. § 54-192h(b)(1)(A), (C), as amended.  State and local law enforcement may also comply with an immigration detainer to the extent it seeks information about custody status or release date so long as they meet certain notice requirements. See Conn. Gen. Stat. §54-192h(c), (e).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 12

       1) be signed by a judicial officer (a judge or magistrate); and
       2) describe the place to be searched, and the persons or things to be seized; and
       3) have the correct date and have been issued within the past 14 days.

- **Judicial Subpoenas.** Subpoenas, whether administrative or judicial, are documents that request the production of documents, testimony from a person, or other evidence. Judicial subpoenas are issued by a judicial, not administrative, court, including a state judge or a federal district or magistrate judge. A subpoena signed by an immigration judge is **not** a judicial subpoena. There are serious consequences for failure to comply with a judicial subpoena, but they generally do not require *immediate* responses and can sometimes be challenged in court. Subpoenas should always be shared with legal counsel for review.

### III.    GUIDANCE TO PUBLIC AGENCIES AND OFFICIALS

Public agencies and personnel, including State agencies and personnel, should also understand how to handle visits or inquiries from ICE agents while ensuring compliance with state and federal laws, upholding the privacy and legal rights of individuals, and maintaining the integrity of public operations.

**Information Sharing**

Agencies and officials should protect the privacy and legal rights of individuals, and should only share sensitive information as explicitly required by law.

All requests for documents or data from ICE, regardless of whether they are accompanied by a warrant or subpoena, should be referred to legal counsel. As outlined above, personnel are generally not required to disclose any non-public information, including personal information or immigration status, unless presented with a valid judicial warrant or subpoena. Some information may be protected from disclosure under state or federal privacy laws, even when a valid judicial warrant or subpoena is presented. If a warrant or subpoena seeks data or documents, personnel should consult with legal counsel to determine the validity of any warrant or subpoena before taking any action.

Local and state law enforcement should be aware of their obligations under the Trust Act, which outline some guidelines on information sharing with federal immigration authorities. More information is available in this previously issued guidance memorandum about the Trust Act.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 13

**Access to Facilities and Arrests**

As discussed above, law enforcement access to different areas depends upon whether a space is publicly accessible or not. Consistent with the law outlined above, generally, ICE agents should not be permitted to access non-public areas of public agency facilities without a judicial warrant or explicit approval. Personnel are not required to give consent to ICE agents to access non-public areas. If staff are uncertain about whether ICE must be permitted access to a certain part of a building, they should consult with legal counsel. Further, personnel should be sure to confirm that any individuals who seek access to a facility and claim to be law enforcement are, in fact, law enforcement officials. Personnel should ask ICE agents for identification and credentials.

It is equally important to understand that agencies generally have no control over what ICE does in public areas of the establishment or outside of the physical premises of a facility. Personnel should not pose a physical obstacle to ICE agents in public areas. Obstructing or otherwise interfering with certain ICE activity can be a crime subject to prosecution under federal law. No state or federal law requires any public official to actively intervene in an ICE encounter or physically prevent ICE agents from accessing a particular space, even if the ICE agent is not legally entitled to be there.

Law enforcement should be aware of their obligations under the Trust Act, which places limitations on when law enforcement may arrest or detain someone on the basis of a federal immigration detainer.

Some government owned spaces may be subject to specific laws about ICE access. For example, the Connecticut legislature recently enacted a new law codifying Judicial Branch Policy about civil arrests, including immigration arrests, in and around State courthouses. *See* Public Act 25-3 (November Special Session). The new law prohibits all law enforcement, except judicial marshals, from making any civil arrest on courthouse grounds[27] without a valid judicial warrant. The subject of the warrant must also have been convicted of certain serious felonies or be identified on terrorist watchlists for the arrest to be permissible.[28] The new law also restricts law enforcement from wearing

---

[27] "Courthouse" is defined as the interior of any facility or property in which a court of this state conducts business, and "courthouse grounds" includes the courthouse and "any garage or parking lot owned by the Judicial Branch, or under contract with said branch, for the purpose of serving a courthouse, any walkways or sidewalks on the grounds of, contiguous to or abutting the grounds of the courthouse or connecting such garage or parking lot to the courthouse or grounds of the courthouse." *See* P.A. 25-3 (November Special Session) Sec. 12 (h).

[28] See P.A. 25-3, Sec. 12 (a). The law requires law enforcement provide notification to a judicial marshal within the courthouse in which the law enforcement officer intends to detain or arrest a person and provide documentation to the judicial marshal demonstrating the arrest is permissible under this section. *Id.,* (a)(1)-(a)(2).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 14

masks on courthouse grounds and creates a private cause of action against officials who violate the law.[29]

For all immigration enforcement encounters, personnel should document and report all interactions, including the date, time, names of agents, and the nature of the incident. Agencies should provide training for personnel, in consultation with legal counsel, for responding to visits from ICE in accordance with this guidance.

**Employee and Public Rights**

Employees, just like private individuals, have the right to remain silent and not provide personal information to ICE agents. They may inform immigration officials that they have the right to remain silent and the right to an attorney if approached. Employees should not hide or assist patrons (or patients/students/etc., as applicable) in leaving premises, provide false or misleading information, or discard any important documents or information. Obstructing or otherwise interfering with certain ICE activity can be a crime.

---

[29] *Id.,* Sec. 13.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 15

# APPENDIX A

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 16

## FREQUENTLY ASKED QUESTIONS[30]

1) *Q: If immigration officials arrive at my organization's physical location seeking entry to search the facility or to access a person, do I have to allow them entry?*

A: It depends on exactly what part of the building they want to enter and what documentation they have.

ICE agents may enter and carry out enforcement activities in areas of facilities that are held **open to the public** (such as lobbies, reception areas, cafeterias, and parking lots) without a warrant and without prior permission. Businesses, organizations, and entities have to give the same level of access to immigration authorities in public areas of a facility that they give to any member of the public, and staff should not interfere with immigration officials in public areas or outside a facility. Obstructing or otherwise interfering with certain ICE activity in a public area can be a crime subject to prosecution under federal law. Staff may ask agents who are present in public areas to provide their names and badge numbers, the purpose of their presence, and whether they have a judicial warrant, though they are not required to answer.

In general, agents may not enter any of the facility's **nonpublic or private areas** without a valid judicial warrant or consent of the property owner, absent exigent circumstances.[31] Organizations and entities may, in most circumstances, refuse immigration officials access to non-public areas of their facility if ICE agents do not have a valid judicial warrant or claim exigent circumstances. It is far more likely that ICE agents will appear with, and try to enforce, an administrative arrest or removal warrant rather than a judicial warrant. In such a case, organizations are *generally* not required to authorize ICE agents to enter non-public areas of the premises to locate any specific person or provide any information to ICE agents about whether any person is even present on the premises. Organizations and entities should consult with legal counsel to determine whether this general principle applies in their specific circumstances. They should also understand the distinction between public areas and private areas of their facilities, and judicial versus administrative warrants. Organizations and entities should clearly identify and distinguish, in consultation with legal counsel, their private spaces.

---

[30] These questions and answers do not constitute legal advice, nor do they cover every potential encounter with ICE agents.

[31] Organizations and entities should consult with legal counsel to determine whether this general principle applies in their specific circumstance, and to determine which portions of their facilities are public and private.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 17

Organizations, entities, and agencies should also consider implementing an internal protocol on how to interact with immigration officials. They should consider a protocol that identifies a designated employee or official of authority who has ready access to legal counsel. Front-line staff who may encounter ICE should immediately contact the designated employee or official for direction on next steps if ICE officials arrive at an organization or agency's physical location. Any such protocol should be developed in consultation with legal counsel.

2) *Q: If my organization receives a request for information or records from federal immigration authorities, do I have to provide the information or records?*

A: It depends. Requests for information or records could be made by immigration authorities in a variety of forms. Such requests may be formal or informal, by phone, email, or letter, or could be made through a judicial or administrative subpoena. A subpoena is a written request for information that gives the recipient a certain amount of time to respond.

For some organizations, release of certain types of sensitive information is prohibited by state and federal law except in limited circumstances. For example, your clients, patients, students, and residents may have rights under local, state and federal law that bar disclosure of information about them. For example, ICE agents might request your organization provide them with information protected from disclosure by the Health Insurance Portability and Accountability Act (HIPAA),[32] the Family Educational Rights and Privacy Act (FERPA),[33] or attorney-client privilege. Organizations and agencies should consult with legal counsel upon receiving any request for sensitive information or records from immigration authorities to determine whether any such information can or must be released.

A properly issued and served subpoena for records generally must be complied with. Whether a subpoena has been properly issued and served, and whether and to what extent it must be complied with, are highly individualized inquiries. Organizations should always immediately consult with their legal counsel upon receipt of a subpoena.

3) *Q: What types of documents might immigration officials present when conducting enforcement activities?*

A: Immigration officials may present a variety of documents, not all of which are judicial warrants for purposes of the Fourth Amendment. Organizations are *generally* not required to

---

[32] 42 U.S.C. § 1320d et seq.

[33] 20 U.S.C. § 1232g.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 18

consent to a search of the private areas of their premises unless presented with a **judicial warrant**, signed by a judge or magistrate, and based on probable cause.[34] Subpoenas, whether administrative or judicial, are documents that request the production of documents or testimony. They generally do not require immediate responses and can be challenged in court in some circumstances.

Sample administrative and judicial warrants are appended hereto. If feasible, an organization should review documents presented by immigration authorities and consult with legal counsel prior to responding.

4) *Q: What is the difference between an administrative warrant and a judicial warrant?*

A: An administrative warrant is prepared and issued by federal immigration authorities and directs federal officials to arrest a noncitizen for removal or removal proceedings. **ICE administrative warrants, like Forms I-200 or I-205, do not give ICE officials authority to enter private areas**, or any place where there is a reasonable expectation of privacy, without consent. They are not signed by a judge or magistrate judge and are not based on a showing of probable cause of a criminal offense. They are not a judicial warrant but are essentially written requests for cooperation with ICE in detaining someone for violation of immigration law. ICE nonetheless recently professed authority to enter private homes or residences of individuals subject to a final order of removal, as discussed above. They may therefore attempt to enter homes with only Form I-205. Again, individuals interacting with ICE should act with caution and should not interfere or impede ICE officials. ICE has not claimed it has similar authority to enter private businesses or organizations without a judicial warrant. Organizations may therefore continue to rely on well-established law requiring a judicial warrant for entry into private spaces.

A judicial warrant is a warrant based on probable cause and issued by a federal district judge or a federal magistrate judge. A judicial warrant generally does one of two things: (1) authorizes federal immigration authorities to arrest the person who is the subject of the warrant or (2) authorizes federal immigration authorities to search premises. **Prompt compliance with these warrants is usually required**. Failure to comply with a valid judicial warrant can result in criminal contempt charges.

**A judicial warrant is distinct from a civil immigration warrant, administrative warrant, or other document signed only by federal immigration officials.**

---

[34] Organizations should consult with legal counsel to determine whether this general principle applies in their specific circumstance, as well was which portions of their facilities are public and private.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 19

A judicial warrant should:

- Specify the specific address to be searched;
- Specify the time period in which the search must take place;
- Particularly describe the place or person, or both, to be searched and things to be seized;
- Particularly describe person to be arrested and on what violation;
- Be issued by a court and signed by a federal district judge or a federal magistrate judge, within the last fourteen days.

Sample administrative and judicial warrants are appended hereto. If feasible, an organization should review documents presented by immigration authorities and consult with legal counsel prior to responding.

5) *Q: What can my organization do to prepare for immigration enforcement?*

A: Organizations should consult with legal counsel to prepare a policy and protocol for responding to immigration enforcement actions that is tailored to their specific organization. As a general matter, organizations should consider:

- Establishing policies about how to respond if ICE demands physical access to an organization;
- Establishing policies about how to respond to requests for sensitive information;
- Providing training to employees or other relevant representatives on how to handle a visit from ICE;
- Clearly designating and maintaining public and nonpublic areas of their buildings.

In evaluating potential policies, organizations may contemplate designating an employee or official to be a point of contact for potential immigration enforcement actions. Organizations may consider requiring staff keep a detailed record of any visit from immigration authorities, including collecting the name, telephone number, and business card of the agent(s). Organizations may also consider requiring staff to request and review the validity of any documentation immigration officials may present, including warrants or subpoenas, and consult with legal counsel for direction. Organizations could consider, where appropriate, a neutrally applicable policy restricting wearing masks. For example, a policy could require all visitors to remove masks unless medically necessary. Organizations may also consider, where applicable, engaging in emergency planning with those they are serving to prepare for the possibility of arrest or detention by ICE.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 20

6) *Q: Can federal immigration authorities question staff, clients, or individuals accessing my organization's services?*

A: When individuals are in a **public area**, yes.

Individuals can still exercise their right to remain silent and not answer questions, but immigration authorities can question anyone in a public area without a warrant. Public areas inside a building can include places like a lobby or waiting room or the dining room of a restaurant, or outside the physical premises of a facility, like a sidewalk or parking lot.

When interacting with immigration authorities, individuals should not lie or provide any false information or false identification to the police because that can be a separate crime and/or may give rise to a reasonable suspicion.

7) *Q: Can federal immigration authorities engage in enforcement actions at houses of worship or healthcare facilities?*

A: Generally, yes, but only within the bounds of the Fourth Amendment.

In the past, ICE guidelines generally discouraged enforcement activities in or near "sensitive" locations such as schools,[35] social service providers, places of worship, and healthcare facilities.[36] DHS rescinded these guidelines.[37] The language of the updated directive does not include concrete rules or procedures for ICE agents to follow but instructs agents to use "common sense" when determining where to engage in immigration enforcement.

The authority of ICE, though, like that of other law enforcement agencies, is governed by the Fourth Amendment to the U.S. Constitution which protects against unreasonable search and

---

[35] This document does not examine enforcement actions in schools. Guidance specific to K-12 Public Schools has been promulgated by the State Department of Education and is available here: https://portal.ct.gov/-/media/sde/digest/2024-25/guidance_immigrationactivities_flyer.pdf

[36] See Alejandro N. Mayorkas, *Memorandum, Guidelines for Enforcement Actions in or Near Protected Areas* (Oct. 27, 2021) https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw10272021.pdf; see also U.S. Customs and Border Protection, DHS Protected Areas FAQs (April 11, 2024).

[37] See *Statement from a DHS Spokesperson on Directives Expanding Law Enforcement and Ending the Abuse of Humanitarian Parole* at https://www.dhs.gov/news/2025/01/21/statement-dhs-spokesperson-directives-expanding-law-enforcement-and-ending-abuse.

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 21

seizure. Where a reasonable expectation of privacy exists, the U.S. Constitution prohibits access without consent, a judicial warrant, or certain exigent circumstances that excuse the warrant requirement. This general Fourth Amendment principle applies to private property, including property used for non-residential purposes such as businesses. Some courts have considered whether houses of worship provide a heightened expectation of privacy. The law in this space is evolving rapidly.[38]

While federal immigration authorities can now engage in enforcement actions in previously designated "sensitive" locations, *in general*, federal immigration authorities must have a judicial warrant to access non-public areas of businesses and organizations. Organizations like houses of worship and healthcare facilities should confer with their own legal counsel to determine if this principle applies to them and the appropriate protocols to guide employee conduct when federal immigration officials request physical access to the organization.

8) **Q:** *What if ICE or other immigration authorities are uncooperative with our organization's policies and processes?*

A: Remain calm, polite and professional. Never become confrontational and do not place yourself in a position where you are physically interfering with an agent. Always be truthful with the agents. Staff should not conceal or hide anyone. If an agent is uncooperative with your procedures, do not attempt to interfere with their actions. Obstructing or otherwise interfering with certain activities by immigration officials can be a crime subject to prosecution under federal law.

Staff can and should gather as much information as possible about the incident, including asking for officials' names and badge numbers, the purpose of their presence, and whether they have a judicial warrant. They should consult with their organization's leadership and/or legal counsel as needed.

9) *Q: Does the Connecticut Trust Act prevent federal immigration authorities from making arrests or taking other enforcement actions?*

A: No. The Connecticut Trust Act does not restrict the conduct of federal authorities.  It provides guidelines for state and local law enforcement. A guidance memorandum outlining the Connecticut Trust Act is available here. Please note that the Trust Act was amended after the issuance of this previously issued guidance memorandum, *see* Conn. Gen. Stat. § 54-192h, and should be consulted directly for additional information.

---

[38] *See, e.g., Phila. Yearly Meeting of the Religious Soc'y of Friends v. United States Dep't of Homeland Sec.,* Civil Action No. 25-0243-TDC, 2025 U.S. Dist. LEXIS 32994, at *2 (D. Md. Feb. 24, 2025).

Statement of Policy and Guidance Regarding Immigration Matters
March 26, 2026
Page | 22

### 10) Q: Are there any additional resources that could be helpful?

A: Yes. Our office previously produced a list of helpful resources available at page 7 of this linked guidance memorandum and on our Civil Rights page.

Your organization may also find the following resources helpful:

- Archived Biden Administration DHS Memorandum:
  https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw10272021.pdf

- Leaked DHS Memorandum regarding Administrative Warrants:
  https://www.documentcloud.org/documents/26499371-dhs-ice-memo-1-21-26/

- Trump Administration DHS Directive:
  https://www.dhs.gov/news/2025/01/21/statement-dhs-spokesperson-directives-expanding-law-enforcement-and-ending-abuse

- State Department of Education Guidance:  https://portal.ct.gov/-/media/sde/digest/2024-25/guidance_immigrationactivities_flyer.pdf

- National Immigration Law Fact Sheet: https://www.nilc.org/resources/factsheet-trumps-rescission-ofprotected-areas-policies-undermines-safety-for-all

- ICE Detainee Locator: https://locator.ice.gov/odls/homePage.do

# APPENDIX B

# SAMPLE IMMIGRATION DOCUMENTS (DHS Form I-247, I-200, I-205)

DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION DETAINER - NOTICE OF ACTION

| Subject ID:<br>Event #: | File No:<br>Date: |
|---|---|

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) | FROM: (Department of Homeland Security Office Address) |
|---|---|

### MAINTAIN CUSTODY OF ALIEN FOR A PERIOD NOT TO EXCEED 48 HOURS

Name of Alien: _____

Date of Birth: _____ Nationality: _____ Sex: _____

**THE U.S. DEPARTMENT OF HOMELAND SECURITY (DHS) HAS TAKEN THE FOLLOWING ACTION RELATED TO THE PERSON IDENTIFIED ABOVE, CURRENTLY IN YOUR CUSTODY:**

☐ Determined that there is reason to believe the individual is an alien subject to removal from the United States. The individual (*check all that apply*):

has a prior a felony conviction or has been charged with a felony offense;

has three or more prior misdemeanor convictions;

has a prior misdemeanor conviction or has been charged with a misdemeanor for an offense that involves violence, threats, or assaults; sexual abuse or exploitation; driving under the influence of alcohol or a controlled substance; unlawful flight from the scene of an accident; the unlawful possession or use of a firearm or other deadly weapon, the distribution or trafficking of a controlled substance; or other significant threat to public safety;

has been convicted of illegal entry pursuant to 8 U.S.C. § 1325;

has illegally re-entered the country after a previous removal or return;

has been found by an immigration officer or an immigration judge to have knowingly committed immigration fraud;

otherwise poses a significant risk to national security, border security, or public safety; and/or

other (specify): _____.

☐ Initiated removal proceedings and served a Notice to Appear or other charging document. A copy of the charging document is attached and was served on _____ (date).

☐ Served a warrant of arrest for removal proceedings. A copy of the warrant is attached and was served on _____ (date).

☐ Obtained an order of deportation or removal from the United States for this person.

*This action does not limit your discretion to make decisions related to this person's custody classification, work, quarter assignments, or other matters. DHS discourages dismissing criminal charges based on the existence of a detainer.*

## IT IS REQUESTED THAT YOU:

☐ Maintain custody of the subject for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released from your custody to allow DHS to take custody of the subject. This request derives from federal regulation 8 C.F.R. § 287.7.  For purposes of this immigration detainer, **you are not authorized to hold the subject beyond these 48 hours.** As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling_____ during business hours or_____ after hours or in an emergency. If you cannot reach a DHS Official at these numbers, please contact the ICE Law Enforcement Support Center in Burlington, Vermont at: (802) 872-6020.

☐ Provide a copy to the subject of this detainer.

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death, hospitalization or transfer to another institution.

☐ Consider this request for a detainer operative only upon the subject's conviction.

☐ Cancel the detainer previously placed by this Office on _____ (date).

| _____ | _____ |
|---|---|
| (Name and title of Immigration Officer) | (Signature of Immigration Officer) |

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS using the envelope enclosed for your convenience or by faxing a copy to _____. You should maintain a copy for your own records so you may track the case and not hold the subject beyond the 48-hour period.

Local Booking/Inmate #: _____        Latest criminal charge/conviction: _____ (date)    Estimated release: _____ (date)

Last criminal charge/conviction: _____

**Notice:** Once in our custody, the subject of this detainer may be removed from the United States. If the individual may be the victim of a crime, or if you want this individual to remain in the United States for prosecution or other law enforcement purposes, including acting as a witness, please notify the ICE Law Enforcement Support Center at (802) 872-6020.

| _____ | _____ |
|---|---|
| (Name and title of Officer) | (Signature of Officer) |

DHS Form I-247 (12/12)                                                                                          Page 1 of

## NOTICE TO THE DETAINEE

The Department of Homeland Security (DHS) has placed an immigration detainer on you.  An immigration detainer is a notice from DHS informing law enforcement agencies that DHS intends to assume custody of you after you otherwise would be released from custody.  DHS has requested that the law enforcement agency which is currently detaining you maintain custody of you for a period not to exceed 48 hours (excluding Saturdays, Sundays, and holidays) beyond the time when you would have been released by the state or local law enforcement authorities based on your criminal charges or convictions.  **If DHS does not take you into custody during that additional 48 hour period, not counting weekends or holidays, you should contact your custodian** (the law enforcement agency or other entity that is holding you now) to inquire about your release from state or local custody.  **If you have a complaint regarding this detainer or related to violations of civil rights or civil liberties connected to DHS activities, please contact the ICE Joint Intake Center at 1-877-2INTAKE (877-246-8253).  If you believe you are a United States citizen or the victim of a crime, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.**

## NOTIFICACIÓN A LA PERSONA DETENIDA

El Departamento de Seguridad Nacional (DHS) de EE. UU. ha emitido una orden de detención inmigratoria en su contra. Mediante esta orden, se notifica a los organismos policiales que el DHS pretende arrestarlo cuando usted cumpla su reclusión actual. El DHS ha solicitado que el organismo policial local o estatal a cargo de su actual detención lo mantenga en custodia por un período no mayor a 48 horas (excluyendo sábados, domingos y días festivos) tras el cese de su reclusión penal. **Si el DHS no procede con su arresto inmigratorio durante este período adicional de 48 horas, excluyendo los fines de semana o días festivos, usted debe comunicarse con la autoridad estatal o local que lo tiene detenido** (el organismo policial u otra entidad a cargo de su custodia actual) para obtener mayores detalles sobre el cese de su reclusión. **Si tiene alguna queja que se relacione con esta orden de detención o con posibles infracciones a los derechos o libertades civiles en conexión con las actividades del DHS, comuníquese con el Joint Intake Center (Centro de Admisión) del ICE (Servicio de Inmigración y Control de Aduanas) llamando al 1-877-2INTAKE (877-246-8253). Si usted cree que es ciudadano de los Estados Unidos o que ha sido víctima de un delito, infórmeselo al DHS llamando al Centro de Apoyo a los Organismos Policiales (Law Enforcement Support Center) del ICE, teléfono (855) 448-6903 (llamada gratuita).**

## Avis au détenu

Le département de la Sécurité Intérieure [Department of Homeland Security (DHS)] a émis, à votre encontre, un ordre d'incarcération pour des raisons d'immigration. Un ordre d'incarcération pour des raisons d'immigration est un avis du DHS informant les agences des forces de l'ordre que le DHS a l'intention de vous détenir après la date normale de votre remise en liberté. Le DHS a requis que l'agence des forces de l'ordre, qui vous détient actuellement, vous garde en détention pour une période maximum de 48 heures (excluant les samedis, dimanches et jours fériés) au-delà de la période à la fin de laquelle vous auriez été remis en liberté par les autorités policières de l'État ou locales en fonction des inculpations ou condamnations pénales à votre encontre. **Si le DHS ne vous détient pas durant cette période supplémentaire de 48 heures, sans compter les fins de semaines et les jours fériés, vous devez contacter votre gardien** (l'agence des forces de l'ordre qui vous détient actuellement) pour vous renseigner à propos de votre libération par l'État ou l'autorité locale. **Si vous avez une plainte à formuler au sujet de cet ordre d'incarcération ou en rapport avec des violations de vos droits civils liées à des activités du DHS, veuillez contacter le centre commun d'admissions du Service de l'Immigration et des Douanes [ICE - Immigration and Customs Enforcement] [ICE Joint Intake Center] au 1-877-2INTAKE (877-246-8253). Si vous croyez être un citoyen des États-Unis ou la victime d'un crime, veuillez en aviser le DHS en appelant le centre d'assistance des forces de l'ordre de l'ICE [ICE Law Enforcement Support Center] au numéro gratuit (855) 448-6903.**

## AVISO AO DETENTO

O Departamento de Segurança Nacional (DHS) emitiu uma ordem de custódia imigratória em seu nome. Este documento é um aviso enviado às agências de imposição da lei de que o DHS pretende assumir a custódia da sua pessoa, caso seja liberado. O DHS pediu que a agência de imposição da lei encarregada da sua atual detenção mantenha-o sob custódia durante, no máximo, 48 horas (excluindo-se sábados, domingos e feriados) após o período em que seria liberado pelas autoridades estaduais ou municipais de imposição da lei, de acordo com as respectivas acusações e penas criminais. **Se o DHS não assumir a sua custódia durante essas 48 horas adicionais, excluindo-se os fins de semana e feriados, você deverá entrar em contato com o seu custodiante** (a agência de imposição da lei ou qualquer outra entidade que esteja detendo-o no momento) para obter informações sobre sua liberação da custódia estadual ou municipal. **Caso você tenha alguma reclamação a fazer sobre esta ordem de custódia imigratória ou relacionada a violações dos seus direitos ou liberdades civis decorrente das atividades do DHS, entre em contato com o Centro de Entrada Conjunta da Agencia de Controle de Imigração e Alfândega (ICE) pelo telefone 1-877-246-8253. Se você acreditar que é um cidadão dos EUA ou está sendo vítima de um crime, informe o DHS ligando para o Centro de Apoio à Imposição da Lei do ICE pelo telefone de ligação gratuita (855) 448-6903**

**THÔNG BÁO CHO NGƯỜI BỊ GIAM GIỮ**

Bộ Quốc Phòng (DHS) đã có lệnh giam giữ quý vị vì lý do di trú. Lệnh giam giữ vì lý do di trú là thông báo của DHS cho các cơ quan thi hành luật pháp là DHS có ý định tạm giữ quý vị sau khi quý vị được thả. DHS đã yêu cầu cơ quan thi hành luật pháp hiện đang giữ quý vị phải tiếp tục tạm giữ quý vị trong không quá 48 giờ đồng hồ (không kể thứ Bảy, Chủ nhật, và các ngày nghỉ lễ) ngoài thời gian mà lẽ ra quý vị sẽ được cơ quan thi hành luật pháp của tiểu bang hoặc địa phương thả ra dựa trên các bản án và tội hình sự của quý vị. **Nếu DHS không tạm giam quý vị trong thời gian 48 giờ bổ sung đó, không tính các ngày cuối tuần hoặc ngày lễ, quý vị nên liên lạc với bên giam giữ quý vị** (cơ quan thi hành luật pháp hoặc tổ chức khác hiện đang giam giữ quý vị) **để hỏi về việc cơ quan địa phương hoặc liên bang thả quý vị ra. Nếu quý vị có khiếu nại về lệnh giam giữ này hoặc liên quan tới các trường hợp vi phạm dân quyền hoặc tự do công dân liên quan tới các hoạt động của DHS, vui lòng liên lạc với ICE Joint Intake Center tại số 1-877-2INTAKE (877-246-8253). Nếu quý vị tin rằng quý vị là công dân Hoa Kỳ hoặc nạn nhân tội phạm, vui lòng báo cho DHS biết bằng cách gọi ICE Law Enforcement Support Center tại số điện thoại miễn phí (855) 448-6903.**

**对被拘留者的通告**

美国国土安全部（DHS）已发出对你的移民监禁令。移民监禁令是美国国土安全部用来通告执法当局，表示美国国土安全部意图在你可能从当前的拘留被释放以后继续拘留你的通知单。美国国土安全部已经向当前拘留你的执法当局要求，根据对你的刑事起诉或判罪的基础，在本当由州或地方执法当局释放你时，继续拘留你，为期不超过 48 小时（星期六、星期天和假日除外）。**如果美国国土安全部未在不计周末或假日的额外 48 小时期限内将你拘留，你应该联系你的监管单位**（现在拘留你的执法当局或其他单位），询问关于你从州或地方执法单位被释放的事宜。**如果你对于这项拘留或关于美国国土安全部的行动所涉及的违反民权或公民自由权有任何投诉，请联系美国移民及海关执法局联合接纳中心**（ICE Joint Intake Center），电话号码是 **1-877-2INTAKE (877-246-8253)。如果你相信你是美国公民或犯罪被害人，请联系美国移民及海关执法局**的执法支援中心（ICE Law Enforcement Support Center），告知美国国土安全部。该执法支援中心的免费电话号码是 **(855) 448-6903。**

**U.S. DEPARTMENT OF HOMELAND SECURITY**        **Warrant for Arrest of Alien**

File No. _____

Date: _____

**To:**    **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that _____ is removable from the United States.  This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

_____
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____
(Location)

on _____ on _____, and the contents of this
        (Name of Alien)                        (Date of Service)

notice were read to him or her in the _____ language.
                                        (Language)

_____        _____
Name and Signature of Officer                Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# WARRANT OF REMOVAL/DEPORTATION

**File No:** _____

**Date:** _____

**To any immigration officer of the United States Department of Homeland Security:**

_____
(Full name of alien)

who entered the United States at _____ on _____
(Place of entry)                                    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

- [ ] an immigration judge in exclusion, deportation, or removal proceedings
- [ ] a designated official
- [ ] the Board of Immigration Appeals
- [ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

_____
(Signature of immigration officer)

_____
(Title of immigration officer)

_____
(Date and office location)

ICE Form I-205 (8/07)                                                                                     Page 1 of 2

To be completed by immigration officer executing the warrant: Name of alien being removed:

_____

**Port, date, and manner of removal:**    _____

<br>

<table>
<tr><td>Photograph of alien<br>removed</td><td>Right index fingerprint<br>of alien removed</td></tr>
</table>

_____
(Signature of alien being fingerprinted)

_____
(Signature and title of immigration officer taking print)

Departure witnessed by:    _____
(Signature and title of immigration officer)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.    ☐

Departure Verified by:    _____
(Signature and title of immigration officer)

# SAMPLE JUDICIAL WARRANTS

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

)
)
)
)
)
)

Case No.

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.     ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)* ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____

_____
*Judge's signature*

City and state: _____

_____
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| United States of America<br>v. | ) ) ) ) ) ) |

Case No.

_____
*Defendant*

## ARREST WARRANT

To:        Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  _____ ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment        ❑ Superseding Indictment        ❑ Information        ❑ Superseding Information        ❑ Complaint
❑ Probation Violation Petition        ❑ Supervised Release Violation Petition        ❑ Violation Notice        ❑ Order of the Court

This offense is briefly described as follows:

Date:  _____        _____
                                                                 *Issuing officer's signature*

City and state:  _____        _____
                                                                            *Printed name and title*

| **Return** |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date:  _____        _____
                                                                 *Arresting officer's signature*

_____
*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____    Weight: _____

Sex: _____    Race: _____

Hair: _____    Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

# SAMPLE JUDICIAL SUBPOENAS



AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

SAMPLE

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. _____ |
|  | ) | |
| _____ | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
|  | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).