**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:26-CV-00568-AWT |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | |
| *Defendants.* | : | JULY 30, 2026 |

**DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME AND**
**STAY OF SUMMARY JUDGMENT BRIEFING**

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rule 7(b), Defendants State of Connecticut, Governor Ned Lamont and Attorney General William Tong (collectively, the "State Defendants"), jointly move with Defendants City of New Haven and Mayor Justin Elicker (collectively, the "New Haven Defendants"), for a 30-day extension of time to file their respective replies in support of their motions to dismiss.  (ECF Nos. 29, 31.)  The response date for all Defendants would be September 9, 2026.  This is Defendants' first such request.  Defendants further move for a stay of briefing on Plaintiff's cross-motion for summary judgment until the Court has resolved the pending motions to dismiss, or, in the alternative, until September 30, 2026.

Counsel for the Plaintiff consents only to a 7-day extension of the reply deadline and objects to any stay of the briefing deadlines concerning the Plaintiff's cross-motion for summary judgment.

**I.      Background**

On April 13, 2026, Plaintiff filed the Complaint.  (ECF No. 1.)  The Complaint contends that Connecticut's Trust Act, Conn. Gen. Stat. § 54-192h, the Attorney General's recent Statement of Policy and Guidance, and New Haven's Executive Order are all preempted by federal law and

violative of the Supremacy Clause. *See* ECF No. 1, Pgs. 3-5.  Plaintiff seeks declaratory relief and a permanent injunction.  *Id.*, Pg. 32.

On July 6, 2026, pursuant to the extension of time granted by the Court and the briefing schedule set with Plaintiff's consent, (ECF Nos. 18, 24, 27), Defendants each timely filed a motion to dismiss, which they indicated "may be dispositive."  (ECF Nos. 26, 29, 31.)  On July 27, 2026, Plaintiff filed a single brief opposing Defendants' motions to dismiss and in support of a cross motion for summary judgment.  (ECF No. 58.)  Separately, Plaintiff also filed a cross motion for summary judgment and statement of material facts in support of its motion for summary judgment. (ECF Nos. 57, 59.)

## II.        Good Cause for an Extension of Time Exists

Defendants respectfully request that the Court extend the deadline to file replies in support of their respective motions to dismiss, so that it falls on September 9, 2026.  Presently, Defendants' deadline is on August 10, 2026.

Good cause exists.  This is Defendants' first request to extend these deadlines.  Lead counsel for State Defendants, Assistant Attorney General Janelle Mederios, is withdrawing from the case to pursue an opportunity outside the Office of the Attorney General and it will take time for substitute counsel to become familiar with the relevant facts and law.  That is particularly relevant in this case, which relates to litigation Plaintiff has brought in other jurisdictions in which it has made similar challenges to state and local policies.  Additional time is necessary to survey that litigation and assess the positions Plaintiff has taken.  Further, the nature of Plaintiff's claims warrants more time to respond, since they involve complex questions of federalism.  Defendants require an extension to fully research and brief them.  Also, numerous counsel for Defendants have prescheduled time off and/or travel commitments that will affect their ability to brief these issues

within the current schedule. The requested extension is appropriate to permit the Defendants the necessary time to prepare reply memoranda and to promote the orderly progress of this case by syncing the deadlines for all Defendants.

**III.      A Stay of Summary Judgment Briefing is Warranted**

According to Local Rule 7(a)(2) and as stated on the docket entry for Plaintiff's cross-motion for summary judgment, Defendants' opposition to the cross-motion is due on August 17, 2026. Because Plaintiff's unanticipated cross-motion is unnecessary and premature, Defendants request a stay of summary judgment briefing pending the Court's resolution of Defendants' motions to dismiss. If the court elects to consider the cross-motion for summary judgment prior to adjudicating the motions to dismiss, the Defendants ask, in the alternative, that their opposition memoranda to the cross-motion be due September 30, 2026.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Plaintiff's cross-motion – filed before a Rule 26(f) conference was held, before an answer was submitted, and while multiple motions to dismiss the Complaint in its entirety are pending - is premature. Further, Plaintiff apparently concedes that the questions at issue at this juncture are purely legal and may be decided without the extra-pleading information that typically accompanies a motion for summary judgment, given that Plaintiff's Statement of Undisputed Material Facts merely summarizes materials set forth in the Complaint and addressed in Defendants' motions to dismiss. (*see* ECF Nos. 1, 59). As a result, Plaintiff's cross-motion is unnecessary and to brief and adjudicate it at this time would be a waste of party and Court resources.

Case law firmly supports this request. *See, e.g.*, *Doe v. Trustees of Columbia University*, 21 CV 05839, 2021 WL 4267638, *1 (S.D.N.Y. Sept. 21, 2021) (noting that courts in the Second Circuit "routinely deny motions for summary judgment as premature when discovery or other relevant matters is incomplete or until the nonmoving party has had time to file a responsive pleading."); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188-89 (S.D.N.Y. 2014) ("[I]n many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had[.]") (quoting Fed. R. Civ. P. 56 Advisory Committee Notes); *Israel v. O'Malley,* 24-CV-86-LJV, 2024 WL 5040722, *1 (W.D.N.Y. Dec. 9, 2024) (finding a motion for summary judgment to have been filed prematurely "in light of the fact that a motion to dismiss remains pending and no discovery has been conducted"); *Odom v. Calero*, No. 06 Civ. 15527(LAK)(GWG), 2007 WL 4191752, at *1 (S.D.N.Y. Nov. 28, 2007) (motion for summary judgment premature when discovery stayed and motion to dismiss pending).

In addition, Plaintiff has attempted this gambit in this Circuit before – filing a cross-motion for summary judgment amidst motion to dismiss briefing in nearly identical litigation – with the court granting Defendants' stay request in that case. *See United States v. State of New York*, No. 25-cv-0205 (N.D.N.Y.) (ECF No. 27) (May 1, 2025) (finding cross-motion for summary judgment was premature because "Defendants have not filed an answer and their pre-answer Motion is not yet fully submitted," and staying responsive briefing to the summary judgment motion indefinitely). The same outcome is warranted here, given that resolution of the pending motions to dismiss may obviate the need for further proceedings. This is especially true where the New Haven Defendants have challenged this Court's subject matter jurisdiction due to the Plaintiff's lack of standing. Further, Plaintiff should not

be permitted to unilaterally deny Defendants their opportunity to answer the Complaint and determine their need for discovery.

On July 29 and July 30 and in accordance with Local Rule 7(b), undersigned counsel asked Plaintiff for its position on this motion. On July 31, Plaintiff's counsel advised that the Plaintiff consents only to a 7-day extension of the reply deadline and objects to any stay of the briefing deadlines concerning the Plaintiff's cross-motion for summary judgment. Further, the Plaintiff intends to file a memorandum in opposition to this motion but did not indicate the date by which the Plaintiff will file that memorandum.

Accordingly, Defendants respectfully request that the Court extend the deadline to file replies in support of their respective motions to dismiss to September 9, 2026, and further request a stay of the time to respond to Plaintiff's cross-motion until the pending motion to dismiss is resolved.

Respectfully submitted,

DEFENDANTS,

STATE OF CONNECTICUT
GOVERNOR NED LAMONT
ATTORNEY GENERAL WILLIAM TONG

WILLIAM TONG
ATTORNEY GENERAL

By:  */s/ Michael Rondon*
Michael Rondon (ct31022)
Edward Rowley (ct30701)
Assistant Attorneys General
Attorney General's Office
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel:  (860) 808-5020
Fax: (860) 808-5347
Michael.Rondon@ct.gov
Edward.Rowley@ct.gov

CITY OF NEW HAVEN
JUSTIN ELICKER


By:    */s/ Christopher M. Mattei*
        Christopher M. Mattei (CT 27500)
        Margaret M. Donovan (CT 31787)
        Colin S. Antaya (CT 31355)
        KOSKOFF KOSKOFF & BIEDER
        350 FAIRFIELD AVE.
        BRIDGEPORT, CT 06604
        TEL: 203-336-4421
        FAX: 203-368-3244
        cmattei@koskoff.com
        mdonovan@koskoff.com
        cantaya@koskoff.com


By:    */s/ Allison Jacobs*
        Allison Jacobs (ct31207)
        Corporation Counsel for the City of New
        Haven
        Office of the Corporation Counsel
        165 Church Street, 4th Floor
        New Haven, CT 06510
        475-331-3244
        ajacobs@newhavenct.gov


By:    */s/ Erin Monju*
        Erin Monju** (DC Bar # 90036952)
        Toby Merrill** (MA Bar # 601071)
        Kayla Svihovec** (DC Bar # 1735588)
        Patrick Archer** (NY Bar # 6194757)
        Public Rights Project
        490 43rd Street, Unit #115
        Oakland, CA 94609
        (510) 738-6788
        erin.monju@publicrightsproject.org
        toby.merrill@publicrightsproject.org
        kayla.svihovec@publicrightsproject.org
        patrick.archer@publicrightsproject.org

        ** Admitted Pro Hac Vice. Not licensed to
        practice law in California.

6