**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:26-cv-568-AWT |
| v. | |
| STATE OF CONNECTICUT, et al., | AUGUST 4, 2026 |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME AND STAY OF SUMMARY JUDGMENT BRIEFING**

Pursuant to Local Rule 7(a) and the Court's Order (Dkt. No. 66), the United States hereby respectfully opposes Defendants' Joint Motion for Extension of Time and Stay of Summary Judgment Briefing (Dkt. No. 62). The United States does not often oppose extensions of time, and indeed proactively offered to agree to a one-week extension here.[1] Because Defendants lack good cause to support such an extension of the briefing schedule, which was previously set by the Court after Defendants moved the Court to set the very schedule they now seek to extend, the Court should deny the extension. Additionally, because the United States' motion for summary judgment was timely filed and presents purely legal issues susceptible of resolution by this Court, entry of a stay of summary judgment briefing is inappropriate and will prejudice the United States.

**I.      Background**

The United States filed its Complaint on April 13, 2026. *See* Dkt. No. 1. On April 15, 2026, the United States served the State of Connecticut, Governor Lamont, and Attorney General Tong ("State Defendants"). *See* Dkt. No. 12. On April 16, 2026, the United States served the City of New Haven and Mayor Elicker ("City Defendants" and, collectively with State Defendants,

---

[1] The United States alternatively offered a 21-day extension of Defendants' reply deadline and 14-day extension of Defendants response deadline if Defendants agreed not to seek a stay of summary judgment briefing.

"Defendants"). *See* Dkt. No. 11. State Defendants' and City Defendants' deadline to respond to the Complaint was May 6 and 7, respectively. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On April 27, three attorneys noticed their appearances on behalf of State Defendants. *See* Dkt. Nos. 15, 16, 17. On that same day, Defendants moved for a 60-day extension of time to respond to the Complaint. *See generally* Dkt. No. 18. The United States consented to a 45-day extension of time for that deadline. *See id.* at 3. The Court granted Defendants' motion over the United States' objection. *See* Dkt. No. 24.

On June 2, 2026, Defendants, with the consent of Plaintiff, moved to set a briefing schedule for Defendants' forthcoming motions to dismiss. *See* Dkt. No. 26. As part of that briefing schedule, Defendants specifically requested that the Court set the deadline to file reply memoranda "14 days after the filing of any opposition." *See id.* at 2. The next day, the Court granted Defendants' consent motion, and set the briefing schedule requested by the parties, including specifically that "[a]ny reply in support of a motion to dismiss is due 14 days after the filing of any opposition to the motion to dismiss." *See* Dkt. No. 27. That briefing schedule has been in place for two months.

On July 27, 2026, the United States timely filed its Cross Motion for Summary Judgment and Response in Opposition to Defendants' Motions to Dismiss. *See* Dkt. No. 58. On July 31, 2026, Defendants filed their Joint Motion for Extension of Time and Stay of Summary Judgment Briefing. *See* Dkt. No. 62 ("Motion"). While the Motion noted the United States' consent to a seven-day extension of Defendants' reply deadline, it failed to note that the United States offered to extend Defendants' reply deadline by 21 days and Defendants' summary judgment opposition deadline by 14 days if Defendants did not seek to stay summary judgment briefing.[2] The United States' proposed schedule would have placed Defendants' motion to dismiss reply and motion for

---

[2] It also failed to note that the United States informed Defendants that it would submit a written opposition to their motion no later than August 4, 2026.

summary judgment opposition deadlines on the same date, further streamlining the briefing schedule and promoting the efficient resolution of the pending motions.

## II.    Good Cause Does Not Exist to Extend Defendants' Reply Deadline.

To obtain an extension of time, Defendants must show "good cause." D. Conn. L.R. 7(b)1. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Good cause does not exist to extend Defendants' deadline to file a reply to the United States' opposition to Defendants' motions to dismiss. Defendants requested an additional 30 days to respond to the United States' opposition because one attorney has withdrawn her appearance for State Defendants (not City Defendants) and other counsel for Defendants have "prescheduled time off and/or travel commitments that will affect their ability to brief these issues within the current schedule." Dkt. No. 62 at 2–3. These statements do not provide "a particularized showing" that the agreed upon, requested, and court-ordered deadline cannot reasonably met, nor diligence on the part of the Defendants to seek an extension of such a deadline. Moreover, Defendants' assertion that their "ability to brief these issues" is affected is unsubstantiated. Therefore, Defendants have not come close to the "particularized showing" necessary to establish good cause, and the requested extension should be denied.

As a preliminary matter, Defendants have already received a 60-day extension of time in this case. Defendants now seek an additional 30 days, on top of the 14 days court-ordered *upon Defendants' motion*, to file their replies. *See* Dkt. No. 26. The Court set the requested and agreed upon schedule. *See* Dkt. No. 27. The United States has already complied with that schedule, filing its opposition to two separate motions to dismiss in just 21 days. Defendants should be held to that agreement.

3

Instead, Defendants inexplicably now seek more than double that amount of time to file replies because of "prescheduled time off and/or travel commitments" that were apparently scheduled either (i) after the briefing schedule was in place for almost two months, or (ii) were known to Defendants prior to their negotiation of and agreement to that briefing schedule. The Court should not reward Defendants with "time off and/or travel" for flouting of the parties' agreement, the Court's order, and the United States' completed performance in accordance with the briefing schedule. Defendants' motion simply does not "show diligence" required to establish good cause. *McDaniel v. Town of Enfield*, 227 F. Supp. 3d 195, 197 (D. Conn. 2016).

Moreover, it is unclear how the withdrawal of one attorney on behalf of State Defendants establishes good cause to provide a month-long extension of time to *all Defendants*. State Defendants alone have been represented by two other attorneys since April 27 who have had over three months to familiarize themselves with the case, and who appear in the signature block of the State Defendants' motion to dismiss. *See* Dkt. No. 31 at 2, 31-1 at 36. Additionally, Defendants are collectively represented by over ten attorneys in this matter (although ten are listed in the signature block of Defendants' Motion, several others have appeared in this case). Defendants thus are adequately represented despite one attorney's withdrawal from her representation of State Defendants, and certainly Defendants have not justified their request for an additional month to file reply briefs, which are intended to address only the issues set forth in the opposition (i.e., the same issues already briefed in Defendants' motions to dismiss).

Finally, the United States attempted to accommodate Defendants' request with a reasonable one-week extension of time, which gives Defendants the same amount of time to file replies as the United States had to file its opposition. It would be inequitable to provide Defendants more time to file reply briefs than the United States had to file its opposition, especially since the United

States already filed its opposition in accordance with the agreed upon briefing schedule. The United States even offered to provide a three-week extension of time to file their replies, but Defendants declined that offer. The United States would be prejudiced if the Court granted Defendants an extension of time to file reply briefs *after* the United States already complied with the parties' agreement and Court order.

Further, the United States continues to suffer harm due to the Defendants' policies challenged in this case. The United States desires a prompt resolution to this action to remedy the sovereign harm that it continues to suffer by virtue of Defendants' laws. *See Vt. Ag'y of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). The United States also seeks a prompt resolution to protect the safety of the American people from the threats posed by the presence of criminal illegal aliens. For example, during the pendency of this action, ICE Enforcement and Removal Operations in Hartford lodged an immigration detainer for Melissa Ramirez-Romero, an illegal alien held at the York Correctional Institute in Niantic Connecticut, who was charged with two counts of Manslaughter in the 2nd Degree with a Motor Vehicle (53a-56b), Illegal Operation of a Motor Vehicle While Under the Influence of Drugs/Alcohol (14-227a), Traveling Unreasonably Fast (14-218a), and Failure to Drive in the Proper Lane (14-236), and whose driving resulted in the tragic deaths of Bridgeport Police Officer Cooper Whiteside and his girlfriend Brittany Islami.[3] However, there are concerns that local officials may not honor the detainer because of the Connecticut Trust Act at issue here. Absent a prompt resolution of this case, these harms will continue.

---

[3] *CT woman charged with manslaughter, DUI in crash that killed off-duty officer, motorcycle passenger*, Hartford Courant (July 25, 2026), https://www.courant.com/2026/07/24/ct-woman-charged-with-manslaughter-dui-in-crash-that-killed-off-duty-officer-motorcycle-passenger/ [https://perma.cc/W9ZC-FYJK].

Defendants accordingly have not established "good cause" to extend the agreed upon, court ordered briefing schedule with which the United States already complied. Simply put, Defendants should not be permitted to extend a briefing schedule to travel or take time off in light of the ongoing harm suffered by the United States and American people. One attorney's withdrawal from her representation of some of the parties, who have been represented by several other attorneys for the same amount of time, is insufficient to justify a month-long extension of deadlines that Defendants agreed upon, requested, and obtained. The request for extension should be denied.

**III.    A Stay of Summary Judgment Briefing is Unwarranted.**

The United States' cross motion for summary judgment was properly filed at an appropriate time. Under Rule 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, *a party may file a motion for summary judgment at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Moreover, the United States, in the interest of efficiency and to provide a uniform and orderly presentation of the legal issues in this case, consented to the following briefing schedule:[4]

| Deadline | Current Deadline | Proposed Extended Deadline | Days Deadline Extended |
|---|---|---|---|
| Defendants' MTD Reply Deadline | 8/10 | 8/31 | 21 |
| Defendants' MSJ Response Deadline | 8/17 | 8/31 | 14 |
| United States' MSJ Reply Deadline | 8/31 | 9/14 | 0 |

The United States submits that this schedule is appropriate because the causes of action and legal defenses at issue involve purely legal matters, which are perfectly suited for summary

---

[4] While the United States opposes a stay of summary judgment briefing, in the event that the Court enters a stay of summary judgment briefing, the United States consents to a seven-day extension of the Defendants' motion to dismiss reply deadline.

judgment resolution. *See Daimlerchrysler Ins. Co., LLC v. Pambianchi*, 762 F. Supp. 2d 410, 419 (D. Conn. 2011) ("A grant of summary judgment is appropriate where there are no disputed issues of material fact and the only disputed issues are purely legal issues that the Court may resolve on its own without the aid of a jury.") (citing *Linea Area Nacional de Chile S.A. v. Meissner*, 65 F.3d 1034, 1039 (2d Cir.1995)), *aff'd sub nom. DaimlerChrysler Ins. Co. v. Pambianchi*, 469 F. App'x 65 (2d Cir. 2012). The United States thus requests that the Court adjudicate the summary judgment motion with the motions to dismiss and deny Defendants' request for a stay to "secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1; *see also Bank of New York Mellon v. TV Azteca, S.A.B. De C.V.*, No. 22-CV-8164 (PGG) (BCM), 2026 WL 743435, at *7 (S.D.N.Y. Mar. 17, 2026) ("On balance, therefore, it seems to this Court that an early summary judgment motion as to the contract interpretation issues . . . would be more efficient than . . . a lengthy and contentious fact discovery period before those purely legal issues can be put to the Court."); *Cornigans v. Mark Country Day Sch.*, No. CV 03-1414 DLI WDW, 2006 WL 3950335, at *4 (E.D.N.Y. July 12, 2006) ("Despite the plaintiffs' claim to the contrary . . . there are no material issues of fact in dispute as to their claims against the County defendants, and the issues are purely issues of law, subject to resolution on a motion for summary judgment."); *Elliott v. Elliott*, 49 F.R.D. 283, 284 (S.D.N.Y. 1970) ("The summary judgment procedure is provided to dispose of cases where pure issues of law are clearly presented for decision obviating the necessity for a trial on the merits. It is intended to economize the court's time . . . .").

The United States' Complaint alleges that the Defendants' laws are unconstitutional and invalid based on federal preemption and intergovernmental immunity principles. *See generally* Dkt. No. 1. There is no dispute that Defendants passed the laws at issue, nor is there a dispute about the text of those laws. *See generally* Dkt. Nos. 31-1 at 3–5, Dkt. No. 30 at 7–8. To resolve

these issues, the Court need not resolve any genuine issues of material fact; the only issues to be resolved by the Court are legal ones involving application of well-established preemption and intergovernmental immunity principles to those laws and potential issues of statutory interpretation. "Questions of statutory construction and legislative history present legal issues that may be resolved by summary judgment." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (citation omitted); *Fisher Skylights, Inc. v. CFC Const. Ltd. P'ship*, 921 F. Supp. 65, 66 (D. Conn. 1995) ("[T]his issue of statutory construction may be resolved by summary judgment under Fed. R. Civ. P. 56."), *aff'd*, 79 F.3d 9 (2d Cir. 1996); *see, e.g.*, *Larobina v. Wells Fargo Bank, N.A.*, 632 F. App'x 55, 57 (2d Cir. 2016) (affirming grant of summary judgment based on trial court's "authoritative interpretation of the statute"). Accordingly, this lawsuit is well suited for streamlined, cross-dispositive briefing of such issues, and Defendants' proposal to the contrary should be rejected.

Indeed, if Defendants sincerely believed that factual development of any issues were necessary, Defendants would not have moved the Court to postpone the opportunity to take discovery in this case. *See* Dkt. No. 26 ("The parties agree no discovery will be conducted prior to the adjudication of these motions."). Alternatively, if Defendants believe there are genuine issues of material fact, the summary judgment rules provide a mechanism for advancing that position. *See* Fed. R. Civ. P. 56(c)(2), (e); D. Conn. L.R. 56(a)2, 3.

Rule 56 also gives the Court wide latitude as to how to rule on a motion for summary judgment, including the power to defer ruling to allow for factual development. *See* Fed. R. Civ. P. 56(d), (e); *see also* D. Conn. L.R. 56(a)2, 3. Accordingly, no stay is necessary, as Rule 56 contemplates the potential identification of material factual issues by the nonmovant, and affords the Court the power to decide if additional factual development is necessary.

In sum, the United States' motion for summary judgment is not premature, and a stay of these proceedings would unnecessarily delay resolution of the purely legal issues before the Court. Accordingly, the Court should deny Defendants' request to stay summary judgment proceedings.

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court deny Defendants' Motion and enter the briefing schedule set forth herein.

Dated: August 4, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHARLES E.T. ROBERTS
Senior Counsel to the Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Deputy Director
Enforcement & Affirmative Litigation Branch

Respectfully Submitted,

*/s/ Jackson M. Story*
JACKSON M. STORY
Trial Attorney (FL Bar No. 1032001)
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, D.C. 20044
(202) 451-7304
jackson.m.story@usdoj.gov

*Attorneys for the United States of America*