**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut, in his Official Capacity; WILLIAM TONG, Attorney General of Connecticut, in his Official Capacity; CITY OF NEW HAVEN; and JUSTIN ELICKER, Mayor of New Haven, in his Official Capacity,<br><br>Defendants. | Civil No. 3:26-CV-568 (AWT) |

**ORDER RE: MOTION TO INTERVENE**

For the reasons set forth below, Andrew H. Pritchard's Motion to Intervene (ECF No. 22) is hereby DENIED.

Pritchard, proceeding pro se, moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Rule 24 provides for two types of intervention: 1) as of right; and 2) permissive.

First, with respect to intervention as of right, Rule 24(a)(2) requires intervention, on timely motion, by anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect

> its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

A proposed intervenor's claimed interest is not "cognizable" under Rule 24 unless it is "direct, substantial, and legally protectable." Floyd v. City of New York, 770 F.3d 1051, 1060 (2d Cir. 2014) (quotation omitted). "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Id.

Here, Pritchard has not claimed any interest in the immigration enforcement policies that are the subject of this action. In his 45-page Motion to Intervene, Pritchard does not mention either of the challenged policies. He repeatedly references one of the parties, the State of Connecticut, but not in the context of its promulgation of the policy guidance at issue in this action. See, e.g., Mot. to Intervene at 2-3 (referencing the "Connecticut Gulag" and accusing the state of "Weaponiz[ing] Courts" in the context of an unrelated criminal matter).

"A *pro se* litigant's submissions must be construed liberally . . . and [] such submissions must be read to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006) (citations

and internal quotation marks omitted). At the same time, the court "cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations." Id. (citations and internal quotation marks omitted).

Here, the proposed intervenor has not articulated any interest in the subject matter of the action, and the court cannot "read into" his motion to find one. Therefore, Pritchard is not entitled to intervene as of right.

Second, Rule 24(b) provides for permissive intervention. It states, in relevant part:

> [O]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

In his Motion to Intervene, Pritchard mentions the Supremacy Clause and the related concept of federal preemption. See Mot. to Intervene at 2. However, he does not connect those principles to the subject matter of the action, instead asserting unrelated claims about the applicability of the Supremacy Clause to his personal circumstances. See, e.g., Mot. to Intervene at 22 ("[T]hrough the [S]upremacy [C]lause of the Constitution . . . and the below-listed treaties of supreme law, it is I alone, who shall determine

my status, standing, honor and jurisdiction.”). Such cursory references to broad legal principles, in service of an argument unrelated to the subject matter of the action, do not constitute a common question of law.

Furthermore, in determining whether intervention is appropriate, undue delay or prejudice is the court’s “principal consideration.” U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).

Here, permitting Pritchard to intervene would risk causing undue delay and prejudicing the original parties by complicating the issues. Therefore, the court declines to exercise its discretion to allow Pritchard to intervene.

It is so ordered.

Dated this 1st day of September 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge