SEP 18 2026 PM1:29
FILED-USDC-CT-NEW HAVEN

RECEIVED
SEP 18 2026
U.S. DISTRICT COURT
NEW HAVEN, CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**RELATED AUTHORITY CUSTODY AND ENFORCEMENT MATTERS BEFORE THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**UNITED STATES OF AMERICA v. STATE OF CONNECTICUT, et al.**
Civil Action No. **3:26-cv-00568**

**UNITED STATES OF AMERICA v. STATE OF CONNECTICUT, et al.**
Civil Action No. **3:26-cv-00758**

**MARTINEZ v. UNITED STATES, et al.**
Civil Action No. **3:26-cv-00949**

**BARRERA v. BOUGHTON, et al.**
Civil Action No. **3:07-cv-01436**

---

**BRANDON MICHAEL HAYES,**
**APPEARING PRO SE AS PRESIDENT OF THE NATURAL LAW INSTITUTE,**

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**
**AND**
**PROPOSED AMICUS CURIAE BRIEF OF BRANDON MICHAEL HAYES, APPEARING PRO SE AS PRESIDENT OF THE NATURAL LAW INSTITUTE**

**REGARDING AUTHORITY CUSTODY, DECISIONAL TOPOLOGY, CONSTITUTIONAL ORDER, ADMINISTRATIVE TRANSPARENCY, RECIPROCITY, AND OPERATIONAL LEGITIMACY IN PARALLEL SOVEREIGN ENFORCEMENT SYSTEMS**

---

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Brandon Michael Hayes respectfully moves this Court for leave to file the accompanying proposed amicus curiae brief, appearing **pro se as President of the Natural Law Institute ("NLI")**.

Mr. Hayes submits this filing in his individual capacity as a citizen, researcher, and institutional founder presenting NLI's structural research concerning lawful authority, individual and parental agency, institutional stewardship, informational fidelity, constitutional classification, and the preservation of institutional legitimacy.

This filing constitutes both the request for leave and the proposed amicus curiae brief for which leave is requested.

Mr. Hayes submits this filing in his individual capacity as a citizen, researcher, and institutional founder presenting the Natural Law Institute's structural analysis concerning lawful authority, administrative decision-making, constitutional governance, and institutional accountability.

Mr. Hayes appears personally while identifying his institutional role as President of NLI and presenting the Institute's research concerning lawful decision architecture.

The proposed amicus addresses a recurring constitutional question presented across these related matters:

> **When federal, state, and local authorities operate within the same geographic and functional environment, what structural conditions preserve lawful custody of authority, accountability of action, and liberty of those subject to governmental power?**

The matters identified in this submission arise from distinct factual circumstances and procedural postures.

Each, however, presents a related **decisional topology** concerning the organization, delegation, limitation, operation, and accountability of governmental enforcement authority.

The factual disputes differ.

The underlying authority structure is shared.

Each matter requires examination of the same constitutional sequence:

- the source from which authority originates;
- the institution and actor through which authority is exercised;
- the scope within which authority operates;
- the mechanisms through which authority becomes action;
- and the pathways through which responsibility, review, and correction remain connected to that action.

This submission addresses the conditions by which governmental authority remains ordered.

A constitutional system does not preserve liberty through the existence of governmental power alone.

It preserves liberty through the visible relationship between:

**authority → action → consequence → correction**

Where that relationship remains perceptible, authority operates through law.

Where that relationship disappears, governmental action becomes increasingly dependent upon discretion, institutional preference, and unreviewable judgment rather than identifiable legal constraint.

The proposed amicus therefore addresses the architecture through which authority remains distinguishable from arbitrary power.

For these reasons, Brandon Michael Hayes respectfully requests leave to file the accompanying proposed amicus curiae brief.

Respectfully submitted,

B H

Brandon Michael Hayes
Pro Se
President, Natural Law Institute
159 Indian Hill Street
West Newbury, Massachusetts 01985
brandon@hayeshaus.com
(617) 438-2049

Dated: September 14, 2026

---

**PROPOSED AMICUS CURIAE BRIEF OF BRANDON MICHAEL HAYES, APPEARING PRO SE AS PRESIDENT OF THE NATURAL LAW INSTITUTE**

**ADDRESSING AUTHORITY CUSTODY, DECISIONAL TOPOLOGY, AND THE CONDITIONS OF ORDERED GOVERNMENTAL POWER**

---

## I. INTEREST OF PROPOSED AMICUS

I am Brandon Michael Hayes, appearing pro se and serving as President of the Natural Law Institute ("NLI").

The Natural Law Institute is a constitutional research and public-interest institute examining the relationship between individual liberty, family authority, institutional responsibility, governmental power, and the structures required for lawful adjudication.

I submit this brief in my individual capacity as President of NLI to provide a common decisional architecture relevant across the related matters identified above.

The Natural Law Institute studies the architecture of lawful decision-making across institutions.

Its work examines the movement of authority through:

- lawful source;
- delegation;
- institutional custody;
- operational practice;
- consequence;
- correction.

The present submission addresses the structural conditions under which governmental authority remains lawfully ordered.

The central question is:

> **Can authority remain lawful when the relationship between its source, custodian, operation, and accountability becomes obscured?**

The answer is foundational.

Governmental authority requires more than power to act.

It requires a perceivable structure explaining:

- why authority exists;
- who possesses it;
- what limits govern it;
- how it operates;
- who answers for its consequences.

This is the decisional topology of authority.

The topology exists regardless of whether institutions consciously identify it.

Every exercise of governmental power occupies a position within that structure.

The constitutional task is preserving commensurability between authority and the systems through which authority operates.

Where authority and institutional structure remain aligned, law governs.

Where they become disconnected, power becomes increasingly detached from legal and lawful constraint.

This submission addresses that structural relationship.

---

## II. THE FOUR MATTERS SHARE A DECISIONAL TOPOLOGY

The matters identified in this submission arise from distinct factual circumstances and procedural postures.

Each, however, presents a related **decisional topology** concerning the organization, delegation, limitation, operation, and accountability of governmental enforcement authority.

A decisional topology examines the relationships through which authority moves:

- origin;
- custody;
- classification;
- operation;
- consequence;
- correction.

The factual disputes differ.

The governing structure does not.

Each matter occupies a distinct position within the same authority landscape.

Together, the matters present a single constitutional inquiry:

> **How does a system of divided sovereignty preserve lawful authority when multiple governmental institutions operate within overlapping geographic and functional environments?**

The answer requires examination of the complete authority relationship.

Governmental power remains ordered through alignment among:

- the source of authority;
- the institution entrusted with authority;
- the limits governing authority;
- the mechanisms through which authority becomes action;
- and the accountability structures attached to consequence.

The four matters represent different expressions of this topology:

| Matter | Decisional Topology Presented |
|---|---|
| **United States of America v. State of Connecticut, et al., Civil Action No. 3:26-cv-00568** | The custody of federal enforcement authority when federal and state institutions operate within the same territory. |
| **United States of America v. State of Connecticut, et al., Civil Action No. 3:26-cv-00758** | The relationship between federal officer operations, state accountability interests, and institutional authority boundaries. |
| **Martinez v. United States, et al., Civil Action No. 3:26-cv-00949** | The relationship between governmental authority, operational decisions, individual consequence, and corrective capacity. |
| **Barrera v. Boughton, et al., Civil Action No. 3:07-cv-01436** | The classification and coordination of local participation within federal enforcement environments. |

These matters collectively demonstrate the recurring architecture of governmental authority.

The inquiry is not limited to the outcome of any individual dispute.

The inquiry is whether the governing structure maintains commensurability between:

**authority granted**
↓
**authority exercised**
↓
**consequence produced**
↓
**responsibility assigned**

A constitutional system preserves liberty when those relationships remain perceptible, traceable, and accountable.

---

## III. THE PROPOSED HOLDING

Amicus proposes the following principle:

> **Governmental authority is constitutionally ordered only when the source, holder, scope, operational mechanism, and accountability pathway of that authority remain perceptible, traceable, and accountable throughout the exercise of governmental power.**

Authority requires structure.

Power without identifiable structure is arbitrary power.

A constitutional system does not preserve liberty through the existence of governmental authority alone.

It preserves liberty through the relationship between authority and constraint.

The decisive inquiry across overlapping governmental systems is:

> **Does the governmental structure preserve a continuous relationship between lawful authority, institutional action, individual consequence, and correction?**

Where that relationship remains visible, government operates through law.

Where that relationship disappears, governmental action becomes increasingly governed by discretion, institutional preference, and unbounded interpretation rather than identifiable legal obligation.

Transparency is the necessary condition through which legal limitation remains perceptible.

- A limitation that cannot be identified cannot meaningfully constrain.
- A responsibility that cannot be located cannot meaningfully attach.
- A correction mechanism that cannot be reached cannot meaningfully protect.

Ordered law requires that authority remain connected to the structures that define, limit, and correct its exercise.

---

## IV. THE AUTHORITY TOPOLOGY

Governmental authority exists within an institutional environment.

That environment includes:

- sovereign institutions;
- delegated officials;
- administrative systems;
- enforcement mechanisms;
- affected communities;
- review structures;
- corrective processes.

The constitutional question is whether those relationships remain commensurable.

A lawful authority system maintains alignment through the following sequence:

**Source → Holder → Scope → Operation → Accountability**

Each element performs a necessary function.

---

### A. Source

Authority begins with lawful origin.

The source identifies why governmental power exists.

Sources include:

- Constitution;
- statute;
- lawful delegation;
- administrative authority;
- institutional assignment.

Authority detached from source becomes asserted power rather than lawful authority.

---

**B. Holder**

Authority requires a custodian.

The holder identifies the institution and actor responsible for exercising governmental power.

Possible holders include:

- federal officers;
- state officers;
- municipal officers;
- administrative agencies;
- delegated officials.

A constitutional system distinguishes the location where authority operates from the institution that possesses authority.

Geography describes the environment.

It does not alone determine custody.

---

**C. Scope**

Authority exists within defined boundaries.

Scope identifies:

- jurisdiction;
- conditions;
- limitations;
- procedures;
- substantive obligations.

Authority without scope becomes unlimited discretion.

---

**D. Operation**

Authority becomes reality through operational mechanisms.

Those mechanisms include:

- policies;
- procedures;
- training;
- directives;
- supervision;
- enforcement practices.

The operational environment is where legal authority becomes experienced reality.

---

**E. Accountability**

Authority requires responsibility.

Accountability identifies:

- who reviews;
- who corrects;
- who supervises;
- who answers for consequence.

A system in which authority exists without an identifiable accountability pathway does not preserve lawful order.

---

## V. ORDERED LAW AND ADMINISTRATIVE COMPLEXITY

Modern government operates through increasingly complex human systems.

Complexity is not disorder.

Complexity is the natural result of many simple, principled relationships interacting within a coherent structure. A healthy complex system produces emergent order because the relationships among its components remain intelligible and adaptive.

Complicatedness is different.

Complicatedness is the accumulation of rules, processes, institutions, and commands without a coherent organizing relationship among them.

A constitutional system requires coherence.

Lawful governance emerges when:

- principles remain identifiable;
- authority remains connected to source;
- institutions retain defined roles;
- procedures preserve alignment;
- correction remains available.

When those relationships are preserved, complexity produces order.

When those relationships collapse, complexity becomes complicatedness: a system of accumulated directives where actors cannot reliably perceive authority, responsibility, limitation, or correction.

The accumulation of statutes, regulations, directives, and administrative processes does not itself create order.

Order arises from the topology connecting:

- authority;
- responsibility;
- limitation;
- operation;
- correction.

A system containing extensive legal commands but lacking a coherent decisional topology does not produce greater lawfulness.

It produces unresolved authority.

When institutions cannot identify:

- who possesses authority;
- why authority exists;
- what limits govern its exercise;
- who answers for consequences;

the system shifts from principled emergence into preference-driven administration.

Law requires order.

Order requires relationships that can be identified, evaluated, and corrected, this preserves the generative simplicity that affords complex lawful systems to emerge.

---

## VI. FEDERALISM AS AN AUTHORITY LANDSCAPE

Federalism is an architecture of distributed authority.

It operates through relationships among:

- sovereign institutions;
- delegated officials;
- administrative systems;
- enforcement mechanisms;
- affected communities;
- review structures.

The presence of multiple governmental actors within the same territory is not itself a constitutional disorder.

The constitutional question is whether the relationships among those actors remain ordered.

A federal system requires commensurability between:

- authority granted;
- authority held;
- authority exercised;
- authority reviewed;
- authority corrected.

The authority landscape therefore requires visible institutional relationships.

The relevant sequence is:

**Authority created through lawful source**
↓
**Authority assigned to lawful holder**
↓
**Authority exercised within defined scope**
↓
**Authority translated through operational mechanisms**
↓
**Authority remains connected to accountability**

Each sovereign retains its own lawful sphere.

The stability of federalism depends upon maintaining distinction among those spheres while permitting necessary interaction.

The constitutional structure requires identifiable relationships.

---

## VII. APPLICATION ONE

**UNITED STATES OF AMERICA v. STATE OF CONNECTICUT, ET AL.**
**Civil Action No. 3:26-cv-00568**

### Federal-State Enforcement Custody

This matter presents the authority-custody dimension of the decisional topology.

The dispute concerns the relationship between federal immigration enforcement authority and Connecticut's state and local governance structures.

The structural question is:

> **When federal and state institutions operate within the same territory, where does custody of enforcement authority reside?**

The answer begins with classification.

The authority sequence is:

**Federal authority**
↓
**Federal delegation**
↓
**Federal officer**
↓
**Federal enforcement objective**
↓
**Federal accountability structure**

Authority remains connected to its originating sovereign through custody.

A federal officer operating within Connecticut remains situated within a federal authority structure.

Likewise, Connecticut retains authority over:

- Connecticut officers;
- Connecticut institutions;
- Connecticut resources;
- Connecticut governmental functions.

The authority landscape therefore contains multiple actors, but not undifferentiated custody.

Geographic overlap does not erase institutional identity.

A territory may contain multiple authorities without converting one authority into another.

The constitutional relationship is therefore one of differentiated authority:

- federal authority remains attached to federal custody;
- state authority remains attached to state custody;
- local authority remains attached to local delegation.

The governing principle is:

> **A sovereign maintains custody over its own authority while recognizing the independent custody of authority assigned to another sovereign.**

This distinction preserves both federal supremacy and federalism.

A system of divided sovereignty functions when each institution can identify:

- the authority it possesses;
- the authority it does not possess;
- the limits governing its exercise;
- the accountability attached to its decisions.

---

## VIII. APPLICATION TWO

**UNITED STATES OF AMERICA v. STATE OF CONNECTICUT, ET AL.**
**Civil Action No. 3:26-cv-00758**

**Federal Officer Operations and the Boundary of Authority**

This matter presents the complementary dimension of the authority topology.

Where the preceding matter examines custody of federal enforcement authority within a state environment, this matter examines the relationship between federal officer operations and state accountability interests.

The structural question is:

> **How does a constitutional system maintain accountability within a shared enforcement environment while preserving custody of operational authority?**

Governmental authority operates within a social environment.

Individuals and communities encounter authority through:

- visible actors;
- operational procedures;
- asserted powers;
- resulting consequences.

The authority landscape must therefore preserve identifiable relationships among:

- actor;
- authority;
- operation;
- responsibility;
- correction.

A stable constitutional structure requires that each institution remain capable of identifying:

- who possesses authority;
- who establishes governing standards;
- who supervises execution;
- who reviews conduct;
- who provides correction.

Accountability follows authority.

The institution responsible for exercising authority must remain connected to the structures responsible for evaluating that exercise.

Where authority and accountability separate, the system loses the ability to perceive responsibility.

Where authority and accountability remain aligned, institutions and communities retain a shared understanding of governmental action.

The constitutional objective is therefore a coherent authority topology:

**authority → operation → consequence → accountability**

Each element must remain connected.

---

## IX. AUTHORITY TOPOLOGY AND SOCIAL ORDER

Governmental authority ultimately operates within human environments.

The authority topology described throughout this submission therefore extends beyond institutional relationships.

It reaches the point where governmental decisions become experienced realities.

Individuals do not encounter abstract jurisdictional diagrams.

They encounter:

- officials;
- agencies;
- decisions;
- procedures;
- consequences.

The constitutional architecture of authority must therefore remain understandable at both institutional and human levels.

Lawful governance requires that individuals and institutions can perceive the relationship between:

**authority → action → consequence → correction**

That relationship is the mechanism through which power remains distinguishable from arbitrary discretion.

---

## X. APPLICATION THREE

**MARTINEZ v. UNITED STATES, ET AL.**
**Civil Action No. 3:26-cv-00949**

**Individual Consequence Within the Authority Topology**

Governmental authority ultimately operates within human environments.

The authority topology described throughout this submission therefore extends beyond institutional relationships and reaches the point where governmental decisions produce direct consequences for individuals.

This matter presents the individual-consequence dimension of authority architecture.

The decisional topology presented is:

> **How does a constitutional system preserve alignment between lawful authority, operational decision-making, individual consequence, and corrective capacity?**

A lawful authority system requires more than an initial grant of power.

It requires continued alignment among:

- authority;
- classification;
- procedure;
- operation;
- consequence;
- correction.

The operational sequence is:

**Authority assigned**
↓
**Authority classified**
↓
**Authority exercised**
↓
**Consequence produced**
↓
**Review and correction available**

Each stage maintains the relationship between governmental power and lawful constraint.

The constitutional inquiry is whether the authority pathway remains perceptible throughout that sequence.

---

**A. Authority Must Remain Aligned With Purpose**

Governmental authority exists for defined purposes.

The exercise of authority therefore requires alignment among:

- the source of power;
- the purpose of power;
- the method of exercise;
- the consequence produced.

When those relationships remain connected, authority operates through law.

When they become disconnected, decision-making becomes increasingly dependent upon individual preference rather than identifiable governing structure.

The constitutional function of review is preserving that alignment.

---

**B. Proportionality Within the Authority Landscape**

Proportionality is an orientation principle within authority systems.

It examines the relationship between:

- governmental objective;
- available authority;
- operational choice;
- resulting consequence.

A properly ordered authority landscape maintains correspondence among those elements.

Proportionality preserves the connection between governmental power and governmental purpose.

---

**C. Transparency Within the Authority Landscape**

Transparency is the mechanism through which authority relationships remain perceptible.

It allows individuals and institutions to identify:

- who acted;
- under what authority;
- through what procedure;
- subject to what review.

Without transparency, the relationship between authority and consequence becomes inaccessible.

When the structure connecting power to responsibility cannot be perceived, legal constraints lose operational force.

---

**D. Correction Within the Authority Landscape**

Complex systems require corrective capacity.

The constitutional question is not whether governmental systems encounter error.

They do.

The question is whether the authority structure contains mechanisms capable of:

- identifying error;
- reviewing assumptions;
- adjusting action;
- restoring alignment.

Correction is therefore a component of lawful authority.

A system capable of correction preserves order.

A system incapable of correction preserves only initial decisions.

---

**XI. APPLICATION FOUR**

**BARRERA v. BOUGHTON, ET AL.**
**Civil Action No. 3:07-cv-01436**

**Historical Continuity of the Authority Topology**

The authority questions presented across these matters are longstanding.

Barrera demonstrates the historical continuity of disputes concerning the relationship among:

- local law enforcement;
- federal enforcement authority;
- delegated governmental functions;
- institutional responsibility;
- community understanding.

The factual circumstances change.

The decisional topology remains.

The structural question is:

> **How are governmental roles classified, coordinated, and bounded when multiple institutions participate within the same enforcement environment?**

The progression illustrates the recurring nature of this inquiry.

**2007:**

The question centered upon local participation within federal immigration enforcement structures.

The relevant considerations included:

- authority source;
- delegation;
- institutional role;
- accountability.

**Present:**

The same authority topology appears within a more complex administrative environment involving:

- federal officers;
- state institutions;
- local actors;

- administrative systems;
- affected communities.

The question remains:

> **Can authority remain lawful when the relationships among actors, institutions, and consequences become difficult to perceive?**

A durable constitutional framework addresses the architecture of authority itself.

It identifies:

- where authority begins;
- where authority resides;
- how authority operates;
- where authority ends;
- how authority is corrected.

---

## XII. CONSTITUTIONAL ORIENTATION AS ADMINISTRATIVE INFRASTRUCTURE

Modern government operates through increasingly complex administrative environments.

Complexity requires greater structural clarity.

As authority moves through larger networks of institutions, lawful governance requires an orientation structure that preserves perception of:

- source;
- custody;
- limitation;
- operation;
- accountability.

Constitutional limitations function only when they remain perceptible within the systems they constrain.

- A limitation that cannot be identified cannot meaningfully restrain.
- A responsibility that cannot be located cannot meaningfully attach.
- A correction mechanism that cannot be reached cannot meaningfully protect.

Constitutional orientation therefore requires five connected relationships.

---

**1. Authority Orientation**

The first inquiry:

> **Where does authority originate?**

Authority requires identifiable source.

This includes:

- constitutional authority;
- statutory authority;
- delegated authority;
- institutional assignment.

---

**2. Classification Orientation**

The second inquiry:

> **What is the legal identity of the actor, action, and institution?**

Classification determines:

- applicable authority;
- responsible institution;
- governing procedure;
- available review.

Accurate classification precedes lawful operation.

---

**3. Jurisdictional Orientation**

The third inquiry:

> **Where does custody of authority reside?**

Multiple institutions may operate within the same environment.

Jurisdictional orientation preserves clarity regarding:

- institutional role;
- operational responsibility;
- review authority.

---

**4. Procedural Orientation**

The fourth inquiry:

> **What process governs the exercise of authority?**

Procedure provides the structure through which authority remains connected to law.

It preserves:

- consistency;
- transparency;
- review;
- accountability.

---

**5. Corrective Orientation**

The fifth inquiry:

> **How does the system respond when facts, classifications, or assumptions prove incorrect?**

Correction maintains lawful adaptability.

It provides the mechanism through which institutions:

- reconsider;
- revise;
- repair;
- restore alignment.

---

**XIII. LIBERTY AND THE PERCEPTION OF AUTHORITY**

Liberty requires more than the absence of unlawful action.

Liberty requires that lawful authority remain distinguishable from arbitrary power.

Individuals encounter government through:

- officials;
- institutions;
- decisions;
- procedures;
- consequences.

They experience authority before they experience jurisdictional theory.

A constitutional system therefore requires a visible relationship between:

**authority → action → consequence → correction**

When that relationship remains perceptible, individuals can understand the structure governing governmental power.

When that relationship becomes inaccessible, authority acquires the functional characteristics of arbitrary rule:

> decisions become governed by preference rather than perceivable legal constraint.

The preservation of liberty therefore depends upon commensurability between:

- the authority exercised;
- the institutions exercising it;
- the limits governing it;
- the mechanisms correcting it.

Law requires order. Order requires relationships that can be identified, evaluated, and corrected.

---

## XIV. REQUESTED CONSIDERATION

Amicus respectfully requests that the Court consider the following principles:

1. **Governmental authority remains lawful only when its source, holder, scope, operation, and accountability remain perceptible, traceable, and connected.**

2. **Authority requires custody. Power without identifiable custody becomes arbitrary administration.**
3. **Parallel sovereign systems require commensurable authority structures preserving institutional role, responsibility, limitation, and correction.**
4. **Administrative complexity requires increased decisional transparency because complexity without intelligibility reduces lawful constraint.**
5. **Constitutional liberty depends upon an authority architecture in which individuals, institutions, and reviewing bodies can identify the relationship between governmental power and governing law.**

Respectfully submitted,
BMH

Brandon Michael Hayes
Pro Se
President, Natural Law Institute
159 Indian Hill Street
West Newbury, Massachusetts 01985
brandon@hayeshaus.com
(617) 438-2049
Dated: September 14, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on Sept. 14 2026, I provided notice of this filing to counsel of record through the electronic contact information maintained on the Court's docket.

Notice was provided in advance of submission to allow counsel of record an opportunity to address any procedural or substantive matters before the filing was transmitted to the Court.

Respectfully submitted,
BMH

Brandon Michael Hayes
Pro Se
President, Natural Law Institute
Dated: September 14, 2026

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FIRMLY TO SEAL

etail

P

US POSTAGE PAID
$18.05
Origin: 01922
09/16/26
2410540922-12

PRIORITY MAIL®

0 Lb 5.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 09/18/26

C110

SHIP TO:
141 CHURCH ST
NEW HAVEN CT 06510-2030

USPS SIGNATURE® TRACKING #

9510 8114 0402 6259 0667 33

RITY®
IL

- Expected de
- Domestic shi ).*
- USPS Tracki ional destinations.
- Limited inter d.
- When used i

*Insurance does n the
Domestic Mail Ma
** See Internationa of coverage.

FLAT R
ONE RATE

e free Package Pickup,
n the QR code.

S.COM/PICKUP

TRACK

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

how2recycle.info
PAPER POUCH

FROM: Brandon Hayes
159 Indian Hill St
West Newbury MA 01985

TO: Office of the Clerk
US District Court
District of CT
Richard C. Lee US Courthouse
141 Church St
New Haven, CT 06510

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.