**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:26-CV-00568-AWT |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | |
| | : | |
| *Defendants.* | : | OCTOBER 20, 2026 |

**DEFENDANTS CITY OF NEW HAVEN'S AND MAYOR JUSTIN ELICKER'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants City of New Haven and Mayor Justin Elicker respectfully file this notice of supplemental authority to alert this Court to *United States v. City of New York*, No. 25-CV-04084 (E.D.N.Y. Oct. 15, 2026) ("Slip Op."), in which the District Court for the Eastern District of New York addresses the preemption, intergovernmental immunity, and commandeering issues previously briefed by the parties. *See* Attachment B (Slip Op.); *see also* ECF No. 30 ("Mem. of Law") at 13–22, 25–32; ECF No. 58 ("Opp.") at 11–23, 35–37; ECF No. 89 ("Reply") at 2–8. Among other findings, the court held that the United States's suit against New York City for municipal policies similar to New Haven's Welcoming City Order failed to state a claim on either preemption or intergovernmental immunity grounds, and that the relief sought by the United States was precluded by the Tenth Amendment, and granted the defendants' motion to dismiss.

The court determined that "sections 1373(a) and 1644 do not regulate private actors and therefore lack preemptive effect," Slip Op. at 14, as New Haven has explained in prior briefing to this court. *See* Mem. of Law at 21–22. Further, the court ruled that even if the City's policies were preempted, the "United States' claims would still fail because the anticommandeering doctrine of

the Tenth Amendment to the Constitution of the United States precludes relief." Slip Op. at 17. The court explained that the federal government's "preemption arguments amount to nothing more than a backdoor around the Tenth Amendment and rest on a false distinction between (a) compelling local governments' participation in federal immigration enforcement and (b) prohibiting local governments from dictating how their personnel and other resources may be utilized towards federal immigration enforcement." *Id*. at 18. The court held that the Supreme Court's decision in *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453 (2018), unequivocally rejects any dividing line between compulsion and prohibition. For commandeering purposes, they are the same. *See id.; see also* Mem. of Law at 29–30; Reply at 7. To the extent that *City of New York v. United States*, 179 F.3d 29 (2d Cir. 1999), suggested otherwise, "*City of New York*'s continued viability post-*Murphy* . . . is questionable." Slip Op. at 18 (citing *New York v. United States Dep't of Just.*, 964 F.3d 150, 165 (2d Cir. 2020)). The court also rejected the United States's intergovernmental immunity claims, for reasons similar to those asserted in New Haven's briefing. *Id.* at 20–24.

This decision adds to the litany of cases confirming that the United States's arguments for enlisting state and local officers into federal immigration enforcement are meritless. S*ee* Mem. of Law at 2 n.1; Reply at 6.

Respectfully submitted,

DEFENDANTS

CITY OF NEW HAVEN JUSTIN ELICKER

By: *[/s/ Christopher M. Mattei]*
Christopher M. Mattei (ct27500)
Margaret M. Donovan (ct31787)
Colin S. Antaya (ct31355)
KOSKOFF KOSKOFF & BIEDER
350 FAIRFIELD AVE.
BRIDGEPORT, CT 06604
TEL: 203-336-4421
FAX: 203-368-3244
cmattei@koskoff.com
mdonovan@koskoff.com
cantaya@koskoff.com

By: */s/ Allison R. Jacobs*
Allison Jacobs (ct31207)
Corporation Counsel for the City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
475-331-3244
ajacobs@newhavenct.gov

By: */s/ Harold Hongju Koh*
Harold Hongju Koh (ct01347)
Bruce C. Swartz* (DC Bar # 358928)
Peter Gruber Rule of Law Clinic[1]
Yale Law School
127 Wall Street, P.O. Box 208215
203-432-4932
harold.koh@ylsclinics.org
bruce.swartz@yale.edu

* *Application for Admission Pro Hac Vice Forthcoming.*

[1] Law-student intern Kit Beyer contributed to this notice's drafting under supervision by counsel. This brief sets forth the position of the signatories, as represented by counsel and law-student members of the Peter Gruber Rule of Law Clinic, but does not purport to state the views of Yale Law School or Yale University.

By: /s/ Toby Merrill
Toby Merrill** (MA Bar # 601071)
Erin Monju** (DC Bar # 90036952)
Kayla Svihovec** (DC Bar # 1735588)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
toby.merrill@publicrightsproject.org
erin.monju@publicrightsproject.org
kayla.svihovec@publicrightsproject.org

***Not licensed to practice law in California.*