UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

USA

v.

State of Connecticut, et al

Case: 3:26-cv-00568-AWT

## ORDER RETURNING SUBMISSION

We received your submission however; it is deficient in the area(s) checked below:

☐ Our records indicate you are represented by counsel in this matter. Therefore, all filings must be made by the attorney of record.

☐ Plaintiff is restricted from filing a new complaint in this district, without prior leave of the Court.

☐ Your pro se appearance is being returned because the rights of self-representation and representation by counsel cannot be both exercised at the same time. (See O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir. 1982.)

☑ Other:

Pursuant to Order [92] and in conjunction with the Order denying your Motion to Intervene [79], the Clerk is directed to return any of your filings in this case.

The Clerk is hereby ORDERED to return the above document.

Date: November 20, 2026

*/s/ Alvin W. Thompson*

U.S. District Court Judge

( JP )

Rev. 12-10-24

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Connecticut**

## Notice of Electronic Filing

The following transaction was entered on 10/7/2026 at 11:57 AM EDT and filed on 10/7/2026

**Case Name:** USA v. State of Connecticut et al
**Case Number:** 3:26-cv-00568-AWT
**Filer:**
**Document Number:** 92(No document attached)

**Docket Text:**
**ORDER: The court denied Mr. Pritchard's Motion to Intervene (ECF No. [79]). Subsequently, Mr. Pritchard has filed proclamations and notices, but he is not authorized to do so. Therefore, the Clerk shall not accept or docket any such filings by Mr. Pritchard, and any such filings that have been accepted but not docketed shall be returned. It is so ordered. Signed by Judge Alvin W. Thompson on 10/07/2026. (SO)**

**3:26-cv-00568-AWT Notice has been electronically mailed to:**

Harold Hongju Koh harold.koh@ylsclinics.org

Christopher M. Mattei CMattei@Koskoff.com, abergstrom@koskoff.com, dzalewski@koskoff.com, pseshadri@koskoff.com

Roderick Ryan Williams rwilliam@newhavenct.gov, irivera@newhavenct.gov

Tadhg Dooley tdooley@wiggin.com, asierra@wiggin.com, lweeden@wiggin.com

Edward David Rowley edward.rowley@ct.gov, jenny.vidaurre@ct.gov, maryfrances.goldman@ct.gov

Michael Rondon michael.rondon@ct.gov

Allison Jacobs ajacobs@newhavenct.gov

Colin S. Antaya cantaya@koskoff.com, scasley@koskoff.com

Margaret Donovan mdonovan@koskoff.com, abergstrom@koskoff.com, cmanier@koskoff.com

Armando Ghinaglia aghinaglia@wiggin.com

Toby Merrill toby.merrill@publicrightsproject.org, litfile@publicrightsproject.org, toby.publicrightsproject.org@recap.email

Erin Monju erin@publicrightsproject.org, litfile@publicrightsproject.org

Kayla Max Svihovec kayla.svihovec@publicrightsproject.org, 7f6a4faba8848aa7cff27c4cd8c67056@recap.email, litfile@publicrightsproject.org

Kevin Peterson kevin.a.peterson@usdoj.gov, ocl.files@usdoj.gov

Garrett Greene garrett.greene@usdoj.gov, Sergio.A.Aguirre.Poloche@usdoj.gov, ocl.files@usdoj.gov

**3:26-cv-00568-AWT Notice has been delivered by other means to:**

Brandon Michael Hayes
159 Indian Hill Street
West Newbury, MA 01985

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT; NED LAMONT, Governor of Connecticut, in his Official Capacity; WILLIAM TONG, Attorney General of Connecticut, in his Official Capacity; CITY OF NEW HAVEN; and JUSTIN ELICKER, Mayor of New Haven, in his Official Capacity,<br><br>Defendants. | Civil No. 3:26-CV-568 (AWT) |

**ORDER RE: MOTION TO INTERVENE**

For the reasons set forth below, Andrew H. Pritchard's Motion to Intervene (ECF No. 22) is hereby DENIED.

Pritchard, proceeding pro se, moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Rule 24 provides for two types of intervention: 1) as of right; and 2) permissive.

First, with respect to intervention as of right, Rule 24(a)(2) requires intervention, on timely motion, by anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect

Case 3:26-cv-00568-AWT Document 79 Filed 09/01/26 Page 2 of 4

> its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

A proposed intervenor's claimed interest is not "cognizable" under Rule 24 unless it is "direct, substantial, and legally protectable." Floyd v. City of New York, 770 F.3d 1051, 1060 (2d Cir. 2014) (quotation omitted). "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Id.

Here, Pritchard has not claimed any interest in the immigration enforcement policies that are the subject of this action. In his 45-page Motion to Intervene, Pritchard does not mention either of the challenged policies. He repeatedly references one of the parties, the State of Connecticut, but not in the context of its promulgation of the policy guidance at issue in this action. See, e.g., Mot. to Intervene at 2-3 (referencing the "Connecticut Gulag" and accusing the state of "Weaponiz[ing] Courts" in the context of an unrelated criminal matter).

"A *pro se* litigant's submissions must be construed liberally . . . and [] such submissions must be read to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 476 (2d Cir. 2006) (citations

Case 3:26-cv-00568-AWT Document 79 Filed 09/01/26 Page 3 of 4

and internal quotation marks omitted). At the same time, the court "cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations." Id. (citations and internal quotation marks omitted).

Here, the proposed intervenor has not articulated any interest in the subject matter of the action, and the court cannot "read into" his motion to find one. Therefore, Pritchard is not entitled to intervene as of right.

Second, Rule 24(b) provides for permissive intervention. It states, in relevant part:

> [O]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

In his Motion to Intervene, Pritchard mentions the Supremacy Clause and the related concept of federal preemption. See Mot. to Intervene at 2. However, he does not connect those principles to the subject matter of the action, instead asserting unrelated claims about the applicability of the Supremacy Clause to his personal circumstances. See, e.g., Mot. to Intervene at 22 ("[T]hrough the [S]upremacy [C]lause of the Constitution . . . and the below-listed treaties of supreme law, it is I alone, who shall determine

Case 3:26-cv-00568-AWT Document 79 Filed 09/01/26 Page 4 of 4

my status, standing, honor and jurisdiction."). Such cursory references to broad legal principles, in service of an argument unrelated to the subject matter of the action, do not constitute a common question of law.

Furthermore, in determining whether intervention is appropriate, undue delay or prejudice is the court's "principal consideration." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).

Here, permitting Pritchard to intervene would risk causing undue delay and prejudicing the original parties by complicating the issues. Therefore, the court declines to exercise its discretion to allow Pritchard to intervene.

It is so ordered.

Dated this 1st day of September 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge